Steven B. Debounian, J.
Petitioner, proceeding by order to show canse, brings this article 78 CPLR proceeding seeking a judgment declaring that the respondent James M. Shuart, Commissioner of the Nassau County Department of 'Social Services, acted in violation of the provisions of 18 NYCRR 352.2(c), which reads as follows: “ Supplemental allowances and grants may not be made other than as authorized under the regulations nor in excess of established schedules. A special allowance and grant may be made to duplicate a grant already made because the cash has been lost or stolen; such duplicate allowance and grant is not reimbursable by the State.” by refusing to issue a special grant in the sum of $175 as a duplicate payment of petitioner’s February, 1970 shelter allowance which was allegedly stolen from her on or about February 1, 1970.
The petitioner alleges the following facts and events to have taken place:
That petitioner, who is in the eighth month of pregnancy, together with her 20-month-old son, is receiving public assistance in the AFDC category; that in August, 1970, petitioner and her husband separated; that petitioner and her son reside at 56 Glen Cove Road in Greenvale in a four-room apartment at a monthly rental of $175; that the rental is on a month-to-month basis with the rent being due and payable on the first day of each month.
*861 That on February 1, 1971, petitioner received a grant of assistance in the amount of $254. She took the check to the Franklin National Bank branch in Roslyn .where she cashed her check, purchasing $42 worth of food stamps for the sum of $33; that she placed the food stamps together with the remaining cash proceeds of her grant in her wallet, which she then placed in her bag. That she spent the remainder of the day away from home in the company of her husband who has been attempting to effect a reconciliation. That she returned to her home and retired about 10:00 p.m. That the following day petitioner, preparatory to paying the February rent (petitioner pays the rent to the building superintendent) opened her pocketbook, at which time she noticed that her wallet was missing; that she immediately telephoned the Nassau County Department of Social Services and reported the loss or theft of the wallet and its contents. That she telephoned the Nassau County Police Department, Sixth Precinct, and reported the occurrence. That within a short time a police officer was dispatched to her home and he filed a full report. That efforts to retrace her steps of the previous day in the hope of locating the wallet proved unsuccessful.
That petitioner on February 2, 1971, went to the Nassau County Department of Social Services and repeated the circumstances and events surrounding the missing proceeds to the caseworker. That petitioner was told that nothing could be done for her and she was referred to the Catholic Charities and the Salvation Army to seek help; that she received $8 from Catholic Charities and a letter of credit for food in the amount of $25 redeemable in a chain supermarket from the Salvation Army.
That on February 4, 1971, petitioner’s landlord commenced summary proceedings based upon the nonpayment of the February rent. Petitioner notified Miss Simeon, a caseworker at the respondent department, and requested a grant to cover the rent needs; that she was informed that no special grant to cover could be issued to meet the rent needs. That petitioner was told to return when she and her son were evicted by the Marshal and the respondent would place the family in a motel.
That on February 11, 1971, petitioner appeared in District Court, First District, Mineóla, before Judge Harrington ; that her request for a short adjournment was denied and a final judgment awarding the landlord possession was entered; that the warrant of eviction was stayed until February 21, 1971.
*862 Respondent in its verified answer denies the allegations of petitioner and affirmatively pleads the following:
(a) That the petition, which is in the nature of mandamus, is insufficient in law in that (1) petitioner has failed to show a clear legal right to the relief demanded and (2) the petition fails to establish that the respondent has failed or refused to perform a duty specifically enjoined upon him by law.
(b) The duplicate payment demand by petitioner is permissive and not mandated pursuant to 18 NYCRR 352.2(c).
(c) Pursuant to chapter 184 of the Laws of 1969, effective July 1, 1969, the “ flat grant ” payment system of public assistance was adopted by New York State and no provision for the duplication of lost or stolen funds was made. The above regulation states in effect that any county may adopt a duplicate payment policy provided they do it with their own funds. It was determined in July of 1969 that Nassau County would not further burden its taxpayers by establishing a local program locally financed, geared to making up any deficiencies in the State program.
(d) The summary proceeding which is the basis of this action alleges arrears in the amount of $23.10 for the month of January, 1971 as well as $175 for February. In other words, the nonpayment problem existed prior to the alleged loss. There have also been previous unrelated problems of nonpayment and eviction regarding this petitioner as well as previous claims of non-receipt of assistance checks. There is also a possible fraud in that the department granted assistance to the spouse of the petitioner between August and December of 1970, when it first learned that he had been out of the household since August.
(e) The proceeding is barred by the provisions of CPLR 7801 (subd. 1) in that the petitioner has not exhausted her administrative remedies by requesting a fair hearing as set forth in subdivision 2 of section 353 of the Social Services Law.
(f) The relief requested is not mandated and the refusal to pay is not violative of statutory duties, nor is it arbitrary, capricious or unreasonable.
Neither counsel for petitioner nor counsel for respondent has given this court the assistance of a copy of the summary proceedings in the District Court or a copy of the county ordinance or regulation regulating local welfare assistance.
The issues presented in this proceeding are:
(1) Is respondent’s refusal to issue a duplicate grant, to replace a stolen or lost shelter allowance necessary to retain housing and avoid motel placement, arbitrary, capricious, *863 unreasonable and in violation of the duties imposed by 18 NYCRR 352.2(c)?
(2) Is the petitioner under a duty to exhaust her administrative remedy before recourse to the court under the emergency circumstances?
Turning to the second issue presented first, the court determines that technically the petitioner is under a duty to exhaust her administrative remedies before recourse to the court. (CPLR 7801, subd. 1.) The petition before the court encompasses an alleged emergency circumstance and petitioner relies . upon the decision of the Appellate Division, Second Department, in Matter of Borders v. Nassau County Dept. of Social Services (34 A D 2d 805) for authority that an emergency circumstance places petitioner outside the pale of CPLR 7801 (subd. 1). With this the court disagrees, for the following reasons:
In the first instance, the factual situation herein is different from that in the cited case in that petitioner in the Borders case w,as not ‘ ‘ strictly speaking, seeking a duplication of an earlier grant ” (p. 806). The Appellate Division held, “ As this controversy is likely to recur with respect to other parties not now before us and in view of the split of authority at Special Term with regard to the applicability of the doctrine of exhaustion of remedies in emergency situations, we have chosen not to affirm the dismissal of the petition on the ground that the dispute is now academic ”.
It is not unreasonable, therefore, to conclude from the decision in Borders that the question at bar is as yet not categorically determined, albeit counsel for petitioner urges this upon the court.
This petition raises an issue as to whether the grant was in fact stolen, which issue cannot be fairly determined without a hearing or trial. While the petitioner alleges that she personally reported the loss to the police and to the respondent, there is nothing in support of this bald allegation (with respect to the police department) attached to the petition.
The petition alleges that a summary proceeding was initiated against petitioner on February 4, and petitioner appeared in District Court on February 11. In the intervening period, petitioner obviously made no attempt to comply with section 353 (subd. 2) of the Social Services Law, although petitioner labels this an emergency situation.
Turning next to the issue of discretion: 18 NYCRR 352.2(c) clearly denotes that any action taken by the respondent to *864 reimburse cash that has been lost or stolen is discretionary. The respondent directs the court’s attention to the fact that such duplication is not reimbursable by the State. The respondent alleges that the County of Nassau through its governing body has determined that it will not adopt a procedure for duplication. (The respondent has not supplied the court with a copy of such county ordinance or resolution.) However, the court does not believe that such local enanctment or ordinance has the effect of repealing by implication either section 350-j of the Social Services Law, 1 ‘ Emergency assistance to needy families with children ”, or 18 NYCRR 352.2(c), so as to effectively preclude the respondent Commissioner from exercising his discretion/
In the light of the factual situation cited hereinabove, the court does not find that the Commissioner was arbitrary, capricious, unreasonable or acting in violation of the duties imposed upon him pursuant to 18 NYCRR 352.2(c).
The Matter of Borders (34 A D 2d 805, supra) is distinguishable from the case at bar on a further ground in that this court has not and will not dismiss the petition. As was stated by the Appellate Division in the cited case, in an emergency the concern is to find a specific way in which to alleviate the crisis rather than to duplicate a grant. The question is, is this a1 ‘ selective situation ’ ’ to which emergency relief pursuant to section 350-j of the Social Services Law should be made available in the light of the recent amendments to the Social Services Law cited by petitioner (L. 1969, ch. 184). These amendments, which established a schedule of maximum monthly grants and allowances for Social Service districts, forbade State reimbursement for expenditures made for the duplication of grants or allowances save for the replacement of necessary furniture and clothing lost through catastrophe.
Accordingly, this court will employ such judicial surgery as is necessary to protect the rights of the taxpayers (that overburdened group of individuals for whom no such expedient relief is available in a similar emergency situation and who, bluntly stated, are now picking up the tab for welfare aid to a point which threatens the economy of the entire country), while at the same time bearing in mind that the petitioner is eight months’ pregnant and the mother of an infant child. Eviction will inflict a further burden on the county to provide expensive emergency housing.
The court objects to being placed in this disadvantageous and precipitous position when petitioner had the legal means avail *865 able to bring the landlord before the court in a proceeding to secure a temporary stay or, in the alternative, petitioner could have moved far more expeditiously for the relief now sought. The petitioner having failed to perform these acts and having waited until the eve of eviction, the court is now placed in the position of making a Solomon-like determination.
The court, therefore, makes the following determination. (1) The respondent shall make immediate duplicate payment of the unpaid rental directly to landlord so as to prevent the eviction of petitioner. (2) The petitioner shall present herself for a “ fair hearing ” at the offices of the Social Services Department, Mineóla, N. Y., during business hours on a day not later than June 1, 1971, which will be after pregnancy is ended (sooner if her physical condition permits). If, after such hearing, the respondent determines that the petitioner has established to its satisfaction that the claim made herein is bona fide and without taint of fraud, then the respondent shall make such finding. (3) If, however, after such hearing the respondent shall determine that the duplicate payment was induced by fraud, the petitioner shall make restitution. (Matter of Beaman, 171 Misc. 578.) It has been held that a welfare respondent agrees by implication of law to repay amount of assistance granted. (Matter of Errico, 49 Misc 2d 1055.) Surely, then, in an instance of proven fraud there should be no less obligation on a recipient.
If, after the hearing ordered herein, the respondent determines that the duplicate payment was justified, there is ample authority to justify the payment. If, on the other hand, the hearing results in a determination that a duplicate payment was not1 justified, the respondent will have its remedy to recoup the duplicate payment and it will be incumbent upon petitioner to make such payment on some reasonable basis.
It is strongly recommended by the court that in the light of the petitioner’s apparent inability to handle public moneys bestowed upon her that the respondent should invoke the right provided pursuant to section 143-b of the Social Services Law and make future rental payments directly to the landlord.