Sol Wachtler, J.
In this proceeding pursuant to article 78 of the CPLR, judgment is granted in favor of petitioner directing respondent to make restricted payments for petitioner’s utility payments pending a hearing to be held by respondent.
There is no doubt that respondent has the authority to make restricted payments of utilities on behalf of a recipient of public assistance where ‘ ‘ the inability of an applicant or recipient to handle cash has been demonstrated” (18 NYCRR 381.3 [a] ; see, also, 381.4[a]; Summers v. Wyman, 64 Misc 2d 67, affd. 36 A D 2d 795). Of course, whether the recipient is unable to handle cash, except in an obvious situation (cf. Summers v. Wyman, supra) is a matter within the administrative discretion of respondent. However in exercising that discretion, respondent should consider applications for restricted payments upon the particular facts and not on a broad policy basis (cf. Young v. Shuart, 67 Misc 2d 689).
There is no indication in the answering papers submitted on this proceeding of any evidence upon which respondent could have determined that petitioner was not able to handle cash.
Respondent asserts that petitioner is barred from maintaining this proceeding by the provisions of CPLR 7801 (subd. 1) in that she has failed to exhaust her administrative remedies, i.e., by requesting a fair hearing. It is the opinion of this court that a proper hearing upon which the facts in this case might be presented for the purpose of demonstrating either inability or ability to handle cash is desirable. In fact it is precisely such a hearing that this court in its judgment will direct. However, in light of the approach taken by respondent to the request for restricted payments and in order to prevent the loss of electricity *397 to a mother and four children, this interim relief is justified (cf. Matter of Yakkey v. Shuart, 65 Misc 2d 859; Young v. Shuart, supra).