Edwabd S. Conway, J.
These are consolidated special proceedings brought pursuant to CPLR article 78 and CPLR 1005 (subd. [a]) for a judgment directing respondent Schreck to forthwith consider petitioner’s application for emergency assistance pursuant to section 350-j of the Social Services Law with- . out regard to 18 NYCRR 372.2 (b) (c) and/or bulletin 185 (§ B, subds. [b], [c]) and issue such emergency assistance as may be appropriate, just and proper and directing respondent Schreck to consider all applications for emergency assistance to needy families with children without regard to the limitations of 18 NYCRR 372.2 (b) (c) and/or bulletin 185 (§ B, subds. [b], [c]) and for a judgment directing respondent Lavine to forthwith advise all Social Services districts that 18 NYCRR 372.2 (b) (c) and bulletin 185 (§ B, subds. [b], [c]) are void and inapplicable and to forthwith take appropriate action to revise the aforesaid regulations and bulletin to remove said *1075 limitations and exceptions to emergency assistance which are in violation of section 350-j of the Social Services Law.
The petitioner Domine resides in the City of Albany, County of Albany, State of New York with her two infant children, ages 5 and 6. She is a recipient of public assistance from Albany County Department of Social Services in the Federal category of Aid to Dependent Children. She alleges that after purchasing food with her allotted food stamps, household goods and shoes for her children, and paying certain outstanding bills, she was without cash on March 26. There was no food left for her children and herself and she was destitute. Her next semimonthly cash grant was not due until the 1st of the next month. She contends that her destitution on March 26, 1973 was due to the increase in the cost of food and the current level of assistance of only 90% of the minimum needs as determined to exist in 1969. She applied to the Albany County Department of Social Services for emergency assistance to needy families with children pursuant to section 350-j of the Social Services Law for food and necessities for five days. Her application was denied on the grounds of ineligibility based on bulletin 185 (§ B, subds. [b], [c], p. 3). Her appeal was denied by the Deputy Commissioner without an investigation or hearing as to the facts of destitution. The determination was based solely upon the New York State Department of Social Services’ agency policy resulting from Commissioner Lavine’s regulation as found in 18 NYCRR 372.2 (b) and (e) and bulletin 185 restating said regulation.
Petitioner Betty Grip son is a recipient of public assistance for herself and her five children, ages 1% to 9, from the Albany County Department of Social Services in the Federal category of Aid to Dependent Children. She and the children reside in the City of Albany, Albany County, New York. She alleges that on April 15, 1973 approximately $180 in cash was stolen from her which amount was the balance of the proceeds from her public assistance check which she received on April 14,1973. She reported the theft to the respondent agency on Monday, April 16,1973 and applied for and was denied emergency assistance. She was without food, rent money and money to prevent a threatened turn-off of her electric and gas services. She claimed to be destitute and faced with starvation for herself and her children. The denial of emergency assistance was based upon New York State Department of Social Services’ agency policy resulting from Commissioner Lavine’s regulations as *1076 found in 18 NYCRR 372.2 (b) and (c) and Bulletin 185. There was no investigation or hearing as to the alleged facts of .destitution.
Petitioners contend that section 350-j of the Social Services Law requires Albany County Department of Social Services to consider and apply emergency assistance to persons such as themselves who are destitute without regard to exceptions and limitations of 18 NYCRR 372.2 (b) and (c) and without regard to the limitations of bulletin 185 and that the refusal to grant their applications for emergency assistance is in violation of section 350-j of the New York Social Services Law and the United States Social Security Act (U. S. Code, tit. 42, § 606, subd. [e], par. [1]; Code of Fed. Reg., tit. 45, § 233.120, subd. [a], par. [1]).
> Petitioners further contend that the failure of respondent Lavine to amend 18 NYCRR 372.2 (b) and (c) and bulletin 185 and to advise, instruct and compel Social Services districts to correctly apply section 350-j of the Social Services Law violates his duty to supervise said districts as required by section 20 of the Social Services Law.
Respondent Schreck in his answer contends that section 350-j was never meant to be a special supplement to a regular monthly grant and that an increase in the petitioner’s monthly grant is legislative function. He further contends that section 372.2 of the Regulations and Bulletin 185 are legal.
Respondent Abe Lavine in his answer contends, among other things, that the questions raised in these proceedings are not common causes, as each separate and individual case is based upon its own circumstance. He further contends that each petitioner failed to request a fair hearing as provided by the Social Services Law and they did not exhaust their remedies under said law.
This court is of the opinion that it is bound by the decision of the Appellate Division, Second Department, in Young v. Shuart (39 A D 2d 724), wherein it stated: “In a proceeding pursuant to article 78 of the CPLR (1) to compel appellant to issue a duplicate welfare grant to petitioner to replace a previous grant which was lost or stolen and (2) for other relief, the appeal is from a judgment * * * which granted the petition and adjudged that appellant’s policy of denying such aid to recipients of aid to dependent children, without regard to the facts, is unlawful * * * Judgment modified, on the law, by adding * * * a provision directing appellant to establish a procedure, in accordance with law, for determining the *1077 eligibility of welfare recipients for duplicate aid under the emergency provisions of section 350-j of the Social Services Law * * * In our opinion the Special Term correctly held that this action was properly commenced as a class action and that subdivision .(c) of section 372.2 of the Regulations of the Department of Social Services (18 NYCRR 372.2 [c]) and the appellant’s policy, based thereon, of automatically refusing to issue duplicate welfare grants for checks allegedly lost or stolen, is arbitrary, unlawful and void [cases cited]. Due process requires a procedure, in accordance with law, for determining the eligibility of welfare recipients for duplicate aid by an immediate and preferred hearing and a determination on the issue of destitution under section 350-j of the Social Services Law. An expedited appeal procedure should also be provided for.”
In the lower court, the Hon. Bernard S. Meter stated: (Young v. Shuart, 67 Misc 2d 689, 698) “ It follows that 18 NYCRR 372.2(e) insofar as it seeks to exclude from eligibility for emergency assistance those whose destitution arises through theft or loss is invalid, and that since section 350-j of the Social Services Law mandates emergency assistance by the county in all destitution cases, respondent’s policy of denying such emergency assistance as a matter of discretion and without reference to the facts is likewise invalid. It is, therefore, unnecessary to consider petitioner’s further argument that section 352.2(c) of the regulations which permit duplication of a lost or stolen grant, is not merely permissive but mandatory. If it be assumed that that provision is simply permissive in cases not involving destitution (see Matter of Borders v. Nassau County Dept. of Social Serv., 34 A D 2d 805, supra; Matter of Steward v. Barbaro, 64 Misc 2d. 96) it is nonetheless true that in cases involving destitution respondent must perform the duty enjoined upon him by section 350-j of the Social Services Law and consider such applications for emergency assistance on their facts (cf. Matter of Yakkey v. Shuart, 65 Misc 2d 859, supra).”
As in Young v. Shuart (supra), the petitioners in these proceedings have been given court-ordered assistance and as was held by the Appellate Division in that case, there is a possibility that hardship and injustice might result if this court were to subject petitioners to the procedure of a hearing at this time and to the possibility of having to now make reimbursement for the aid granted; therefore, this court will direct that there be no such procedure required in these two proceedings and that there be no reimbursement.
*1078 The relief demanded by the petitioners is granted and the attorneys for the petitioners are directed to present a proposed order for judgment to this court consistent herewith and in compliance with the procedure required by CPLR 5016 (subd. [o]).