Hon. Ronald A. Zweibel Chairman Crime Victims Compensation Board
You have requested the opinion of the Attorney General concerning the possibility that you may serve as a volunteer arbitrator in the Civil Court of the City of New York. As you correctly note, Executive Law, § 622 requires that you serve in your position as Chairman of the Crime Victims Compensation Board on a full-time basis.
Your description of the work you propose to undertake as an arbitrator makes it clear that it is not expected to conflict with the time requirements of your position as Chairman. Arbitrators in the Civil Court generally serve on a voluntary, unsalaried basis not more than one or two evenings a month. It appears that public service of this kind is not proscribed by Executive Law, § 622.
Although Executive Law, § 622, subdivision 4 apparently has not been the subject of judicial interpretation, a similar provision in the charter of the City of New York (section 1100-a) has been involved in litigation. The requirement that officers in the government of the City of New York give their whole time to their duties and not engage in any other occupation, profession or employment has been given a practical construction so as to assure the public of the undivided efforts of the affected employee while allowing some latitude for the employee to pursue personal interests (see Matter of Thomas v Lindsay, 69 Misc.2d 396 [1972] and cases cited). This interpretation appears to be consistent with the conclusion reached herein that the Chairman of the Crime Victims Board may serve one or two evenings a month as a volunteer arbitrator in the Civil Court of the City of New York. Of course, you should be alert to avoid any involvement in a matter in the Civil Court which in any way involved your duties as Chairman of the Crime Victims Compensation Board, or which would create the appearance of such an involvement.
Subject to these precautions, we find no objection to your giving of your time and effort to this project.