Owen McGtivebn, J.
These article 78 proceedings are brought by the owners of certain real properties to set aside the orders of the respondent State Bent Administrator which denied their protest against amendments to subdivision 2 of section 54 and subdivision a of section 58 of the State Bent and Eviction Begulations, and, further, to declare amendments 49 and 52 of the said regulations, insofar as they affect the aforementioned regulations, to be unconstitutional, illegal and void.
Amendment No. 49 of the State Bent and Eviction Begulations was adopted by the Administrator on December 14, 1955, and provides in effect that section 58 of the regulations contains a condition of payment of a fixed stipend before eviction, and Amendment No. 52 changes the three-month stay in section 54 to a maximum of six months.
The petitioners are landlords who recently purchased apartment houses in various sections of New York City for the express purpose of demolishing them and erecting in their place new apartment houses which will provide a greater number of apartments than those contained in the buildings being demolished. An ever-increasing volume of applications of like character by private builders has necessitated a reappraisal of this area of the rent control program.
The Administrator, after a public hearing on November 16, 1955, has concurred with the commission’s findings that the increase in demolition of old, for the creation of new, housing by private builders placed distressing burdens upon the evicted tenants. Not only were they being uprooted from neighborhoods in which they had long resided and from houses they had occupied many years, but they were subject as well to the financial strains of relocating and of paying generally higher rents.
In dealing with the problem some of the landlords and their spokesmen suggested a fixed cash stipend to help displaced tenants meet the exigencies confronting them, and this in effect was adopted by the Administrator.
This action of the Administrator is challenged thusly:
1. Did the commission have the power to amend its regulations!
*690 2. Are the amendments in conformance with the purposes of the act and do they carry forward its intent?
3. On the basis of the facts determined, are the amendments reasonable ?
It does not appear that there can be any serious claim that the commission lacks power to amend its regulations. The Legislature and the courts have approved numerous amendments heretofore made, and so the court goes on to a consideration of the second question propounded above.
The rent act was enacted to deal with an emergency situation caused by the housing shortage. It envisaged the enactment of regulations to encourage the creation of additional housing so that ultimately there would be a transition from a controlled to a free market, coincident with the ending of the emergency. The court finds that a primary aim of the statute is to minimize the hardship incident to tenant dislocation.
It is recognized that the commission may promulgate rules which it deems to be necessary and in conformity with the purposes of the act pursuant to which it functions. And the courts do not strike down such amendments if not unreasonable and if not at odds with any underlying legislation. The courts have already approved the requirement of tenant relocation where the landlord seeks to demolish housing in order to erect a commercial building, and this court can see no valid basis for holding differently because of the substitution of a reasonable condition by way of a fixed stipend in place of the one requiring relocation in a corollary regulation. The stipend is merely a substitute for actual relocation in effectuating the statutory purpose.
The contentions of the petitioners that the regulation, as amended, is invalid because it was enacted primarily to remedy a condition existing only in Yorkville, or that the extension of the stay to six months, contravenes State policy to encourage building, are held to be without merit.
Furthermore, the review sought herein entails the passing upon a matter within the police power of the State, and it is basic that the State may establish regulations reasonably necessary to secure the general welfare of the community by the exercise of its police power although the rights of private property are thereby curtailed and freedom of contract is abridged. (People ex rel. Durham Realty Corp. v. La Fetra, 230 N. Y. 429; People v. Perretta, 253 N. Y. 305; Noble State Bank v. Haskell, 219 U. S. 104.)
In any event, the validity of the amendments in question ultimately turns upon the reasonableness of the conditions *691 imposed to protect tenants being evicted in order to make room for new construction. Under all the facts and circumstances presented, and bearing in mind the expression of our Court of Appeals in the Matter of Ballston Town Highway (281 N. Y. 322, 328) “What is a reasonable exercise of discretion and judgment must always depend upon the surroundings, the facts and circumstances ”, the petitioners have failed to overcome the presumption of constitutionality attached to the statute, nor have they shown a basis upon which the court could declare the regulations, as amended, to be without the purview of the statute, and the court is, therefore, constrained to dismiss the petitions.