Joseph A. Gavagan, J.
The New York City Transit Authority moves for the following relief: (1) to intervene in this proceeding as a party respondent; (2) directing that the title of this proceeding be amended by adding thereto this movant as a party respondent; and (3) allowing the service of its answer to the petition herein upon the attorney for the petitioner; and (4) further, reopening the proceeding and vacating the decision and order entered thereon on March 31, 1960 (22 Mise 2d 749).
This motion is opposed by petitioner upon the grounds that (1) it is not timely made; (2) that movant is neither a necessary nor an indispensable party to the proceeding; and (3) that the application presents no new or meritorious grounds for vacating the previous determination and order herein. The latter argument may be disposed of with the observation that, if the Transit Authority was, and is a necessary and indispensable party, then it had the right to be directly heard in the first instance, and the fact that nothing new is now presented, is immaterial. However, much more than this is presented, for additional facts are now submitted to the court which undoubtedly would have been a determining factor upon the previous determination. Upon the instant application there is submitted the affidavits of E. Vincent Curtayne, one of the three members of the New York City Transit Authority and Thomas J. McLernon, the General Manager thereof. They cast a completely different aspect upon the situation which the court did not have before it on the original motion. These facts are so persuasive and important that they cannot be disregarded on the technical objection that they are not timely.
Upon consideration of the original motion the court was persuaded by petitioner’s recital of his duties and work performance requirements which were buttressed by the high recommendation given him by Mr. Duffy, the Director of Real Estate of the City of New York. This indorsement and opinion were of decided influence upon the court’s ultimate determination. It now appears by the affidavit of Mr. Curtayne, that the Transit Authority’s desire to intervene here is for the purpose of showing that petitioner is not entitled to the higher *293 classification he seeks and that the duties he does perform would in no event be entitled to a rate of compensation and a position classification any higher than that paid as an Administrative Assistant in salary grade XIH. Moreover, it is alleged that the Transit Authority itself did not support petitioner’s appeal but rather opposed same as is evidenced by the letter sent to the Classification Appeals Board. In addition, Mr. Curtayne now negates the effect of the recommendation given by Mr. Duffy which, as stated, was persuasive upon the court. Mr. Curtayne states that said letter from Mr. Duffy ‘1 was merely an inter-office communication sent to me by Mr. Duffy who is the petitioner’s immediate superior. "While it may have expressed Mr. Duffy’s personal views, it certainly did not express my views nor those of the Authority as the employing agency
Mr. McLernon, the General Manager of the New York City Transit Authority, now presents his affidavit in support of its answer and defense herein. He avers that the Transit Authority received no information of the pendency of this proceeding until the decision was rendered therein by the court and that had it known sooner of the pendency of the proceeding it would have intervened as early as possible. He further avers that petitioner is, and since January 1, 1956 has been performing duties which are not of sufficient complexity or importance to warrant a position classification higher than that given "him by respondents. The recital of the work of the Real Estate Department, petitioner’s work and duties and his evaluation of same, is of vast persuasive import upon any determination herein. Had this court had the benefit of the affidavits of Mr. Curtayne and Mr. McLernon upon the original motion, the determination would have been greatly influenced thereby.
Accordingly, I am persuaded that sufficient has been shown to warrant vacating the decision and order entered upon the original motion, and that same be reconsidered upon the new ■affidavits and the answer of the New York City Transit Authority which is permitted to intervene herein. Since the papers are now complete, with the affidavits and answer of the said intervenor, to which petitioner has replied upon the merits, the motion is reconsidered upon all the papers now before me.
In respect of the right to intervene, it appears to me that the Transit Authority is an indispensable party to this proceeding. While it may have elected to waive its exemption from the Career and Salary Plan and voluntarily relinquished its own right to fix compensation and grades and submitted itself to the provisions, terms and conditions of the Salary and Career *294 Plan, it nevertheless did not relinquish its entity as the. Transit Authority and control over its employees.. Petitioner is still an employee of said Transit Authority, which is a public benefit corporation created by and receiving its power under title 9 of article 5 of the Public Authorities Law, as enacted by chapter 200 of the Laws of 1953, and as amended from time to time since that date. Subdivision 6 of section 1204 of the Public Authorities Law gives the Authority the power to appoint employees and fix their compensation, subject to the provisions of the Civil Service Law. Petitioner’s salary, whatever it is fixed at by the Career and Salary Plan, is nevertheless paid by the Transit Authority from its operating funds and not by the City of New York nor by any of the named respondents. If the petitioner were to be successful herein, any amount to be paid him would have to be contained in the order in this proceeding. Not being a party herein, no such directive against the Transit Authority could perforce be made. The motion for leave to intervene must therefore be granted and the title herein amended accordingly.
Upon such reconsideration I am satisfied that there is warrant in this record to sustain the determination of respondents. It cannot be said that the action was arbitrary, capricious nor unreasonable. Upon the record as is now presented, this court may not substitute its judgment for that of the administrative bodies.
The application of petitioner for relief pursuant to article 78 of the Civil Practice Act is therefore denied and the petition dismissed.