Birdie Amsterdam, J.
Petitioner moves for an order pursuant to article 78 of the Civil Practice Act for the relief detailed in the order to show cause herein. Bespondent has cross-moved to dismiss the petition as a matter of law. The cross motion will be considered first since it is dispositive of this proceeding.
The basic proceeding before the District Director of the City Bent Administration is predicated upon an application to evict tenants from an existing group of eight buildings in order to demolish them for the purpose of erecting a greater number of new housing accommodations. The first step in such a proceeding has been accomplished and all but the relocation and stipend requirements have been completed. Since the relocation provisions and the related administrative procedures are novel in the rent control program, the relocation phase of this proceeding is still incomplete. The record and papers before me indicate that the proceeding is now in its second phase concerned with relocation and stipends for the approximately 25 or less tenants presently remaining. No certificates of eviction have been issued as yet by the District Bent Director since the relocation-stipend factor has not been completed. At this point in the proceedings, petitioning tenants, by the instant application, challenge the relocation procedures and seek to modify the existing procedures.
This attempt, by the instant article 78 proceeding is untenable. A comprehensive and exclusive system for review of the validity, propriety and reasonableness of any final order of the District Bent and Behabilitation Director is provided in the City Bent and Behabilitation Law (Local Laws, 1962, No. 20 of City of New York, eff. May 1, 1962) and in the Bent, Eviction and Behabilitation Begulations. The City Bent Law prescribes comprehensive procedure for administrative review of a final order of the District Bent and Behabilitation Director, i.e., by filing a protest with the City Bent Administrator. By that procedure appellate consideration de novo is afforded (Administrative Code, §§ Y41-8.0, Y41-9.0; Bent, Eviction and Behabilitation Begulations, §§ 91-99). Only after the City Bent Administrator’s order on a protest may the aggrieved party resort to a judicial review by an article 78 proceeding.
Hence, the attempt by petitioners in the instant proceeding, to review and adjudicate the merits of the proceeding still pending before the District Bent office, is premature and must be *1071 dismissed. Attempts to by-pass the administrative process have consistently been denied (Brownrigg v. Herk Estates, 276 App. Div. 566; Kellas Real Estate Corp. v. Gluckmann, 207 Misc. 517). The orderly disposition of administrative proceedings requires exhaustion of administrative remedies prior to resort to judicial review.
Accordingly, the cross motion of respondent is granted and the petition is dismissed as a matter of law upon the ground that petitioners have not exhausted their administrative remedies. Settle one order which shall be inclusive of the companion cross motion decided simultaneously herewith.