Abraham N. Geller, J.
In this article 78 proceeding petitioner attacks the validity of the Rent Administrator’s promulgation of a regulation (§ 54, subd. e) governing the procedures with respect to relocation or stipend payments to be followed in cases wherein landlords meet the requirements of other sections of the regulations for removal or eviction.
*733 Petitioner contends that, under that regulation, a tenant who seeks to review in this court an order of the Bent Administrator granting certificates of eviction can do so only upon 1 ‘ penalty ’ ’ of losing his statutory right to relocation.
His contention, briefly stated, runs as follows. Tenant may not challenge the preliminary notice to relocate but only the final order granting certificates of eviction (CPLB 7801; Administrative Code of City of New York, § Y51-9.0; Matter of Rigg v. Gabel, 37 Misc 2d 1069, affd. 18 A D 2d 796; Matter of Goldsmith v. Gabel, N. Y. L. J., Dec. 10, 1963, p. 14, col. 8). Under the challenged regulation a landlord who has complied with the appropriate section entitling him to certificates of eviction, such as in the case of demolition upon an adequate showing of required circumstances and standards, must before obtaining such certificates show compliance with its relocation requirements. He must offer tenant suitable accommodations for relocation or arrive at a mutually satisfactory agreement with tenant in lieu of relocation before he will be granted the certificate of eviction. If they are unable to agree on suitability of the offered accommodations, the landlord can request the Bent Administration to determine whether it is suitable. Specific factors for consideration are set forth in the regulation. The landlord is not obliged to offer additional apartments if tenant rejects an apartment determined by the Administration to be suitable or fails to respond to a formal offer of an apartment. In that event, tenant is to be paid a fixed stipend in accordance with a “ self-relocated ” schedule, which is substantially in excess of the stipend to be paid on a “landlord-relocated” schedule. The final order granting the certificate is not given until after landlord has submitted proof that he has complied with the specified relocation requirements. Thus, argues petitioner, if a tenant seeks to challenge a landlord’s right to evict he must await the final order and, if he is unsuccessful in the litigation, he may under the regulation receive only the stipend (which, incidentally, would still be the higher “ self-relocated ” stipend) and can no longer avail himself of landlord’s obligation to furnish him with relocation accommodations. That is the “penalty” claimed to be incurred for taking an unsuccessful appeal.
The problem of balancing equities, while implementing by regulation the statutory provision that relocation of tenants in other suitable accommodations shall be required as a condition to the granting of certificates of eviction, has been attempted to be met in this regulation. That is required by the regulation. The stipends are provided for supplementary or alternative *734 situations. Some reasonable provision terminating landlord’s obligation for relocation was evidently deemed justified and, in such case, the higher stipend was in any event effective.
Regulations by the city rent agency, so long as they are not inconsistent with the statute, and are reasonably adapted to carrying out the purposes of the underlying legislation, must be viewed as proper. Criticism of certain features is inevitable. The question is whether a basic right has been affected.
A tenant who, under the assumed set of facts, proceeds with an unsuccessful court review does not lose his right to the higher stipend which may be regarded as a substitute for actual relocation in effectuating the statutory purpose (see Matter of 181 E. 73rd St. Co. v. Weaver, 6 Misc 2d 688, affd. sub now,. Matter of B. G. L, V. Co. v. Weaver, 2 A D 2d 972, affd. 4 N Y 2d 718). The right to insist at that late date, after an unsuccessful appeal, upon actual relocation is to be judged as against the rights of a landlord who has long since prior thereto offered specific accommodations and complied with all requirements. Moreover, the regulation provided what was evidently deemed to be a practical solution to a difficult administrative problem. If some raw edges prevent complete satisfaction for every possible eventuality, the regulation should not be stricken down, so long as it carried out the statutory command in its essential requirements.
The regulation is deemed a valid exercise of the power conferred upon the city rent agency and the petition is accordingly dismissed.