Bebtbam Habnett, J.
Mrs. Geneva Ross, together with her disabled husband and six minor children, are clients of the Nassau County Department of Social Services. Around July 31, 1969, Mrs. Ross, who had just cashed her public assistance check, was concededly robbed of the proceeds of that check, leaving her totally without funds for the month of August. Apparently, she requested emergency assistance from the department, but this request was denied. She thereupon brought this article 78 proceeding that the Commissioner of the Nassau County Department of Social Services (hereinafter the ‘ ‘ Commissioner ”) be directed to pay her $484, the amount of her monthly assistance check.
After service of the petition upon him, the Commissioner served a third-party petition upon George K. Wyman, as Commissioner of the Department of Social Services of the State of New York seeking a direction that Commissioner Wyman reimburse him for any funds he was directed to pay to Mrs. Ross.
By a short form order dated August 25, 1969, this court directed the Commissioner to pay the sum of $484 to Mrs. Ross, *148 holding in abeyance the third-party petition. The third-party petition is now dismissed.
Section 131 of the Social Services Law provides that it shall be the duty of public welfare officials to provide for those unable to provide for themselves within the Social Services District. Under section 62 of the Social Services Law, the County Commissioner of Social Services has the primary responsibility for providing assistance to social service clients within the county. This is funded by appropriations mandated by section 88 of the Social Services Law and should these prove insufficient, section 92 of the Social Services Law provides for the making of a deficiency appropriation.
Accordingly, the primary obligation to furnish public assistance lies upon the Nassau County Department of Social Services. The Commissioner refused to furnish that assistance precipitating this proceeding.
While, under Social Services Law, a person aggrieved by the decision of the Commissioner may seek a “ fair hearing ”, Mrs. Boss will not be required to do so. Under her destitute circumstances, this would have been an exercise in futility. (See Matter of Viet v. Barbaro, 59 Misc 2d 117; Lesron Junior v. Feinberg, 13 A D 2d 90.)
The provisions for emergency assistance are contained in 18 NYCRR Part 372. Section 372.1 defines emergency service as: “aid * * * furnished for a period not in excess of 30 days in any 12-month period ”,
Section 372.3 provides: “Provision of emergency assistance to needy families with children, (a) Emergency assistance shall be available in emergency situations including, but not limited to, those caused by natural disasters, serious injury to persons or d.amage to property ”. It would not seem to require citation that robbery of a family’s entire subsistence for a month is a damage to its property.
Subdivision (b) of section 732.3 states that such assistance: “ shall be provided immediately when emergency conditions exist ’ ’.
The Commissioner refused to issue emergency assistance knowing that Mrs. Boss and her family were without any other resources. Under these circumstances, the court deems his refusal to do so arbitrary and unreasonable. His refusal seems to center upon subdivision 8 of section 153 of the Social Services Law, which provided, effective July 1, 1969, that State reimbursement shall not be made for the duplication of any grant or allowance for any period. It appears that the Commissioner’s only reason for denying Mrs. Boss emergency assistance was *149 that he believed he could obtain no State reimbursement for the emergency grant. The responsibility to provide public assistance mandated upon the Commisisoner by sections 62 and 131 of the Social Services Law has not been demonstrated to be dependent upon the Commissioner’s ability to obtain reimbursement.
The Commissioner brought a third-party petition against the State Commissioner in the event he was ordered to pay. The petition must be dismissed. A claim against a State official acting in his official capacity is a claim against the State (New York State Thruway Auth. v. Hurd, 29 A D 2d 157; Psaty v. Duryea, 306 N. Y. 413) and the State cannot be sued in the Supreme Court without its own consent (Breen v. Mortgage Comm. of State of N. Y., 285 N. Y. 425; Psaty v. Duryea, supra; Benz v. New York State Thruway Auth., 9 N Y 2d 486; Matter of Dormitory Auth. [Span Elec. Corp.], 18 N Y 2d 114, 118 [concurring opn.]). Where a State official is sued in his official capacity, the proper forum is the Court of Claims (Adler, Inc. v. Noyes, 285 N. Y. 34). Since the State has not given its consent to be sued in this action in the Supreme Court, the petition must be dismissed.