Bernard S. Meyer, J.
On the facts alleged, this article 78 proceeding involves the same questions decided by Mr. Justice Harnett in Matter of Ross v. Barbaro (61 Misc 2d 147): (1) is a recipient of aid to dependent children entitled to an emergency grant to replace that part of the proceeds of her regular assistance check stolen from her; (2) must she exhaust administrative remedies by asking for a fair hearing before bringing a proceeding such as this? The court agrees with the answers to those questions stated in Matter of Boss v. Barbaro; but since the theft was conceded in that proceeding and is denied in this, will set the matter down for hearing on that issue.
In Matter of Ross v. Barbaro (supra) and Matter of Veit v. Barbaro (59 Misc 2d 117) Mr. Justice Harnett pointed out that CPLR 7801 (subd. 1) bars such a proceeding as this only when the administrative determination “ can be adequately reviewed by * # * some other body or officer ’ ’. To his reasoning the court will add only that the inadequacy of the fair hearing *328 procedure in relation to emergency grants is recognized by the Regulations of the Department of Social Services, which, in section 372.3, provide for emergency assistance where there has been a “ discontinuance or suspension of ADC * * * [and] a fair hearing has been requested,” and that ‘‘ Emergency assistance shall be provided immediately when emergency conditions exist.” (18 NYCRR 372.3.) Were the provision for assistance preceding hearing broad enough to include the present case, so that petitioners would not be without subsistence while awaiting a fair hearing, there would be an “ adequate ” review procedure. Since that procedure is inadequate in this situation, the second affirmative defense is dismissed.
On the availability of emergency assistance in petitioners’ situation, respondent argues that petitioners have not demonstrated a clear legal right, because (1) section 350-j of the Social Services Law and 18 NYCRR Part 372 apply only in cases such as natural disaster, (2) subdivision 8 of section 153 of the Social Services Law provides that ‘1 Any inconsistent provision of the law or rules of the board and regulation of the department notwithstanding, state reimbursement shall not be made for any expenditure made for the duplication of any grant and allowance for any period ”, and the county is required to pay assistance only in cases for which it will receive reimbursement. With respect to the first argument, it is only necessary to point out that nothing in subdivision (e) of section 606 of title 42 of the United States Code, section 350-j of the Social Services Law, or 18 NYCRR 372.3 limits emergency payments as respondent suggests, the operative words- of the latter provision being “ emergency situations including, but not limited to, those caused by natural disasters ” (emphasis supplied). To be left without subsistence because of theft is certainly an ‘ ‘ emergency situation. ’ ’
The second argument is grounded in both -State and Federal law. Respondent argues that under State law the county is not required to provide assistance for which reimbursement is not available, emphasizing the words “ Subject to reimbursement ” with which subdivision 1 of section 62 of the Social Services Law begins. Section 1 of article XVII of the State Constitution provides that ‘ ‘ The aid, care and support of the needy are public concerns and shall be provided by the state and by such of its subdivisions, and in such manner and by such means, as the legislature may from time to time determine ’ ’ (emphasis supplied). Section 62 of the Social Services Law imposes responsibility for public assistance on public welfare *329 districts (of which the county is one). Subdivision 1 of that section provides that: “ Subject to reimbursement in the cases hereinafter provided for, each public welfare district shall be responsible for the assistance and care of any person who resides * * * in its territory ’ ’, and the remaining subdivisions state when and by what other agency reimbursement shall be made. Section 88 of the Social Services Law imposes upon “the board of supervisors of a county * * * [the duty] to make adequate appropriations and to take such action as may be necessary to provide the public assistance and care required by this chapter ’ ’ and subdivision 1 of section 131 imposes upon respondent “ the duty * * * insofar as funds are available for that purpose, to provide adequately for those unable to maintain themselves, in accordance with the requirements of this article and other provisions of this chapter ”. There is, therefore, a clear duty upon respondent to provide emergency assistance, unless (1) funds are not available, which respondent has not urged, or (2) the opening three words of subdivision 1 of section 62 of the Social Services Law limit payments by the county to cases in which it will receive reimbursement. So to construe those three words is, however, to distort the provision. Those words are part of a phrase; ‘ ‘ reimbursement in the cases hereinafter provided for ’ ’ can only mean that there will be reimbursement in specified cases, and by implication that there will not be reimbursement in unspecified cases. Moreover, the phrase is part of a sentence which imposes a broad duty of care and provides for reimbursement only ‘ ‘ in the cases hereinafter provided for. ’ ’ That the Legislature by subdivision 8 of section 153 has removed duplicative payments from the reimbursement side of that equation does not remove it from the duty of care side. The effect simply is that the emergency care duty in such a case is wholly a county responsibility, for this is not a case such as Department of Social Welfare v. Kern County (29 Cal. 2d 873) in which the State’s right to mandate payments on the county is limited by a stated maximum.
Respondent argues that such cannot be the proper construction because that would mean the Federal assistance was no longer available, and Federal assistance is a prerequisite under subdivision 1 of section 350-j of the Social Services Law. The argument is bottomed on the requirement of subdivision (a) of section 602 of title 42 of the United States Code that “A State plan for aid and services to needy families with children must * * # (2) provide for financial participation by the State ”. Of course, the State’s failure to participate in funding *330 one type of assistance payment does not mean that it is not participating financially in the plan which covers many types of payments. Moreover, respondent’s argument fails unless ‘ ‘ State ’ ’ in the Federal provision is read to have the same meaning as “ State ” in subdivision 8 of section 153 of the Social Services Law. Nothing is submitted to suggest that this was the intent of the Congress, which presumably was more interested in the requirement that there be local financial participation uniformly administered than in which of the local political subdivisions provided the funds. In the broad sense, the State is providing funds when the county as a political subdivision of the State does .so as section 1 of article XVII of the New York Constitution and section 88 of the Social Services Law make evident. That this is the correct construction of the Congressional intent, see Department of Social Welfare v. Kern County (29 Cal. 2d 873, supra). Accordingly, the first defense is dismissed.
A short-form order has been signed setting the matter down for hearing on Tuesday, November 25, 1969 at 2:00 p.m. on the factual issue whether a theft in fact occurred.