Mario Pittoni, J.
In this proceeding pursuant to article 78 of the CPLR judgment is granted in favor of the respondent dismissing the petition.
The petitioner, a recipient of public assistance for herself and six children, alleges that the respondent was arbitrary or capricious in denying emergency assistance to her following her loss, by theft, on July 31, 1970 of the $187 allowance for the period beginning August 1, 1970.
Aside from the fact that the papers raise an issue as to whether the allowance was stolen, which could not be determined *97 without a hearing or trial, the petitioner does not allege that she personally reported the loss to the police or to the respondent at any time before this proceeding was commenced. A social worker for the Nassau County Law Services Committee,, Inc. telephoned an assistant of the respondent on August 5,1970 and reported what he had been told by the petitioner concerning her loss. Under the circumstances, the court cannot hold that the failure of the respondent to provide assistance without any personal appeal by the petitioner and without any opportunity to investigate the matter was arbitrary.
Reliance by the petitioner upon the legal authorities cited in the petition (Matter of Ross v. Barbaro, 61 Misc 2d 147; Matter of Preston v. Barbaro, 61 Misc 2d 327, affd. 34 A D 2d 809 ; Matter of Borders v. Nassau County Dept. of Social Services, 34 A D 2d 805) is misplaced. In Ross (supra) the petitioner ‘1 was candidly robbed ’ ’ about July 31,1969. In Preston (supra) as an issue existed concerning the alleged theft, a hearing was directed. In both Boss and Preston, decided in 1969, it was held that the loss of an allowance by theft constituted an emergency situation warranting a direction by the court for emergency assistance without the necessity of the petitioner’s exhausting the administrative remedy of a fair hearing pursuant to subdivision 2 of section 353 of the Social Services Law. However, title 18 of the Social Services Department regulations was amended on or about January 13,1970 (18 NYCRR 372.2 [e]) to exclude destitution caused by theft as the base for an emergency assistance allowance. The fact that pursuant to section 352.4(d) (2) “ a special allowance * * * may be made to duplicate a grant already made because the cash has been lost or stolen” (emphasis supplied) does not warrant a direction by the court that such special allowance must be made.
Moreover, according to the opposing affirmation of Azreal A. Alpern, Esq., dated August 11,1970, if an opportunity to verify the petitioner’s loss were had by the respondent and the respondent were satisfied that the petitioner was in need, emergency relief would be provided through “a private agency” or 1 ‘ Social Service agencies ’ ’.
It may be observed that the respondent who has directed the expenditure of large sums of money for the rental of quarters for the petitioner and her children would be unlikely to refuse aid for the comparatively small sum that was stolen if he were granted the opportunity to check the facts.
Submit judgment on notice.