John B. Tenney, J.
Plaintiffs seek a declaratory judgment and a temporary injuction in this class action. Actually, plaintiffs are asking the court to review certain administrative acts of the defendant which is in the nature of an article 78 proceeding. Plaintiffs represent a group of applicants and recipients of public assistance in Onondaga County. They contend, among other things, that the defendant has refused to accept their applications for public assistance or, if accepted, they are not acted upon. Plaintiffs seek an order which would enjoin the defendant from acting in the manner alleged toward the plaintiffs until the declaratory judgment action is resolved.
Plaintiffs complain of various injuries which they allege are created by the failure of the defendant to properly fulfill its duty under the Social Services Law (§§ 20, 34; 18 NYCBB Parts 350, 351). They argue that they should not be restricted to their administrative remedies because this would create an injustice and prolonged delays. They contend that this is particularly true with reference to emergency assistance programs because the defendants have refused to grant any emergency assistance whatever to either present recipients or new applicants under sections 132 and 133 of the Social Services Law. *728 Plaintiffs have complained to the area director of the State Department of Social Services, but to date they have not had a resolution of their problem. Also, they have apparently ignored their right to fair hearings. (Social Services Law, §§ 20, 34; 18 NYCRR Part 358.)
Furthermore, section 166 of the Social Services Law provides for an avenue of appeal within the administrative structure of the Department of Social Welfare. (See, also, § 131, subd. 8.) If in fact, the defendant is violating the terms or the spirit of the Social Services Law, plaintiffs have a remedy within the law itself as part of the administrative process.
Although there is some authority for the courts to take action without recourse to the administrative procedure (Matter of Ross v. Barbaro, 61 Misc 2d 147) it is not applicable to this case. There, the loss of welfare proceeds was conceded by the Commissioner, and the facts were not in dispute. “ The procedure of appeal within the line of administrative officials before allowing recourse to the courts, insures the benefit of trained and competent expert opinion and judgment, applied to the facts of each particular case by an experienced tribunal”. (Matter of Towers Management Corp. v. Thatcher, 271 N. Y. 94, 97; quoting People ex rel. Broadway & 96th St. Realty Co. v. Walsh, 203 App. Div. 468; (see, also, Matter of Buffalo Gen. Hosp. v. Sipprell, 33 A D 2d 977).
The plaintiffs have no standing in this court until they have exercised their options in accordance with this reasoning. There are a substantial number of issues involved in the instant proceeding which would require a fact-finding hearing because the facts appear to be sharply in dispute. Furthermore, even after a hearing, there is no authority for this court to substitute its judgment for that of the Commissioner.
Under the circumstances, the plaintiffs would best be served by following the administrative procedures which would enable them to get the benefit of the experienced personnel in the Department of Social Services, and in any event, would result in a positive solution to their dilemma. The department has certain powers which it can exercise in order to compel compliance with its determinations. This court should not serve as a reviewing board for every action or inaction of the local Commissioner of Social Services when the Legislature has provided the proper means of review within the structure of the department. (Social Services Law, §§ 166,131, subd. 8.)
Therefore, plaintiffs’ motion for a declaratory judgment and an injunction is denied, and the motion to dismiss the complaint is granted.