John T. Casey, J.
The petitioner is the recipient of public assistance in the category of aid to dependent children from the Albany County Department of Social Services and receives $58 semimonthly and her rent of $70 per month which is paid directly to her landlord. She also receives $10 per week for one of her two children, aged three and four. Under the rent payment made directly to him the landlord supplies heat but the petitioner is required to pay Niagara Mohawk Power Corporation for gas and electric service. This she neglected to do and on January 19, 1973, the petitioner received a service bill in the amount of $57.17 with a notice that utility services would be disconnected after January 25,1973. Although the petitioner *785 previously requested that her gas and electric payment be made directly to Niagara Mohawk Power Corporation, the department refused for the reason that because her rent involved heat, which was supplied by her landlord, her gas and electric were included in her preadded allowance.
To prevent deprivation of the utilities to the infants involved, the arrearage due Niagara Mohawk Power Corporation should be paid by the county under emergency assistance. 18 NYCRR 372.4 (a) specifically so provides and resort thereto has been had to meet a threatened shutoff of utility services. (See Summers v. Wyman, 64 Misc 2d 67.) Regulation 18 NYCRR 372.2 (e) which indicates otherwise (if the payment has been squandered by the recipient) insofar as it conflicts with subdivision 3 of section 350-j of the Social Services Law has been held unenforceable. (Matter of Lawson v. Shuart, 67 Misc 2d 98.)
The respondent commissioner is, therefore, directed, within five days after service upon him of a copy of the judgment to be entered herein, to pay the petitioner under emergency assistance, the sum of $57.17 subject, however, to the commissioner’s right to reimbursement of such payment out of future sums payable to the petitioner, should it be determined by the commissioner after consideration of the facts (and be affirmed on fair hearing if sought by petitioner) that destitution within the meaning of section 350-j of the Social Services Law and 18 NYCRR 372.2 as above limited has not been established. (See Young v. Shuart, 67 Misc 2d 689, 699.)
As to preventing the possibility of a recurrence the commissioner is advised that the provisions of 18 NYCRR 381.3 permit him to resort to restricted payments of all or part of the grant if, after consideration of the petitioner’s conduct in handling the grants already paid her, he feels that her inability to handle cash has been demonstrated.
Submit judgment.