Edward S. Conway, J.
This is an article .78 proceeding in which petitioner, Theresa, Yroman, seeks an order to compel respondent to provide her with a grant of assistance of $85 equal to the amount lost by her or stolen from her, and to further compel respondent to desist from his alleged unlawful practice of refusing as a matter of policy to replace cash stolen or lost from recipients of public assistance in Albany County.
Petitioner-intervener, Gladys Nellis, has moved to intervene in the Yroman proceeding, and her motion to intervene was returnable before the Hon. A. Franklin Mahoney and referred to this court on November 16, 1973. This court grants her motion and will consider the proceeding as a companion motion to the Yroman proceeding.
Petitioner Theresa Yroman is a recipient of public assistance in the category of home relief, and her sole income and support is her semimonthly grant of $95 from the Albany County Department of Social Services. After petitioner received her grant on September lb, 3.973 she cashed her check. While shop *1082 ping for groceries at the Price Chopper supermarket, her wallet containing all her money ($85), medicaid card and personal effects was lost or stolen. She discovered the loss when she went to pay for the groceries and she reported the loss to the Albany Police Department, Division II. Petitioner then reported the loss of $85 to the county and advised respondent that she had no funds except for 15 cents and had food only for one more day. Petitioner was advised by the respondent’s employees that she would receive no replacement nor food voucher in that the county could only replace stolen or lost checks but it did not replace lost or stolen cash.
The respondent contends that it cannot replace stolen cash as the State provides no reimbursement for the emergency . grant, and further that subdivision 6 of section 131-a of the Social Services Law does not specifically provide for replacing lost or stolen cash.
The court cannot agree with this contention of the respondent. Section 131 of the Social Services Law provides that it shall be the duty of public welfare officials to provide for those unable to provide for themselves within the social services district. Under section 62 of the Social Services Law, the County Commissioner of Social Services has the primary responsibility for providing assistance to social service clients within the County of Albany. Accordingly, the primary obligation to furnish public assistance lies upon the Albany County Department of Social Services. (Matter of Ross v. Barbaro, 61 Misc 2d 147; Matter of Preston v. Barbaro, 61 Misc 2d 327.)
The provisions for emergency assistance under the circumstances of this case are. contained in 18 NYCRR 352.2 (c) which provides: “ A special allowance and grant may be made to duplicate a grant already made because the cash has been lost or stolen ”, The facts of loss or theft in the instant case are not disputed by the respondent and therefore there is a duty mandated by law to replace the cash and a. refusal to do so on the part of the County of Albany is arbitrary and unreasonable.
Therefore, the grant denial by respondent is arbitrary and capricious and it is directed that respondent, within five days after service upon him of a copy of the order to be entered hereon, take all steps necessary to comply herewith, including issuing an appropriate grant to petitioner equal to the money lost or stolen.
The companion proceeding of petitioner-intervenor Gladys Nellis differs only in the fact that petitioner-intervenor is a disabled person who receives public assistance in the category *1083 of aid to the'disabled. She receives a monthly grant of $128.20 from Albany County along with her husband who is also receiving assistance from the county as a disabled person in the same amount of $128.20. On October 15, 1973 at about 10:00 a.m., petitioner lost her pocketbook while in a cab. In her pocketbook was the unspent balance of the October assistance check in the sum of $68 cash. She reported the loss to the taxicab company and the Albany Police Department on October 15, 1973. On October 16, 1973 she reported the loss to the County, of Albany Social Services and requested a special assistance grant. She was informed that she could not receive any additional assistance because of the policies of Albany County with respect to stolen or lost cash.
Justice A. Franklin Mahoney granted interim assistance of $20 in cash and $20 in a food voucher in his order of November 16, 1973, referring the motion to this court as heretofore mentioned.
The underlying issues are the same as the Vroman case and the court grants the application of petitioner-intervenor Gladys Nellis, ordering the County of Albany to issue an appropriate grant of $28, which is the amount not provided for in Justice Mahoney’s order.
Each case, however, must be judged on its individual facts, so the motion of petitioner Vroman and petitioner-intervenor Nellis to consider this as a class action is denied.