Edward S. Conway, J.
This is an article 78 proceeding brought by the petitioner, Maria Brown, for an order to annul and reverse the determination of respondent, Commissioner of New York State Department of Social Services, which upheld the failure of the Albany County Department of Social Services to fully replace cash stolen from petitioner, and for a further order requiring respondent to direct the Albany County Department of Social Services to issue an additional grant of $45 to petitioner, and further for an order declaring null and void respondent’s policy of not requiring all local social service districts to promptly replace in full lost or stolen cash.
Respondent opposes the application of petitioner and makes a cross motion pursuant to CPLR 7804 (subd. [f]) to dismiss the petition on the ground that the petitioner has failed to comply with CPLR 1001, 1003.
Petitioner seeks review of a determination made by respondent involving the failure of the Albany County Department of Social Services to fully replace stolen cash. However, neither the county nor the County Department of Social Services nor the local commissioner is a party to this action. The County of Albany and not the State would be responsible for duplicating the grant, and it is the county, not the State which has primary responsibility for providing assistance. (Social Services Law, § 62; Matter of Lawson v. Shuart, 67 Misc 2d 98.) A public officer whose conduct is to be controlled must be made a respondent and is an indispensable party to the proceeding. (Matter of Myerson v. Schechter, 25 Misc 2d 291.) An indispensable party is one whose presence is absolutely necessary in order for the court to render a final judgment, and the action cannot proceed without the indispensable party. (Oliner v. Canadian Pacific Ry., 34 A D 2d 310, 315.)
CPLR 1003 provides as follows:
“ § 1003. Nonjoinder and misjoinder of parties.
Nonjoinder of a party who should be joined under section 1001 is a ground for dismissal of an action without prejudice unless the court allows the action to proceed without him under the provisions of that section.”
CPLR 1001 provides as follows:
“ § 1001. Necessary joinder of parties.
“ (a) Parties who should be joined. Persons who ought to be parties if complete relief is to be accorded between the persons *1087 who are parties to the action or who might be inequitably affected by a judgment in the action shall be made plaintiffs or defendants. When a person who should join as a plaintiff refuses to do so, he may be made a defendant.”
Therefore, the cross motion of the respondent to dismiss the application is granted without prejudice to the petitioner commencing a new proceeding.