Edward S. Conway, J.
This is an article 78 proceeding brought by the petitioner, Maria Brown, for an order to annul and reverse the determination of respondent Commissioner of New York State Department of Social Services, which upheld the failure of the Albany County Department of Social Services to fully replace cash stolen from petitioner, and for a further order requiring respondent Lavine to direct the Albany County Department of Social Services to issue an additional grant of $45 to petitioner, and further for an order declaring null and void respondent Lavine’s policy of not requiring all local social service districts to promptly replace in full lost or stolen cash.
This action was originally commenced by petition verified September 26, 1973 and order to show cause signed October 1, 1973. Respondent Lavine moved to dismiss the action October 12, 1973. The motion was granted dismissing the petition without prejudice and judgment was entered February 11, 1974. Petitioner moved to reargue and resettle the judgment and, in an order dated March 18, 1974, petitioner’s motion to resettle the judgment was granted, the earlier judgment vacated, the title of the action amended to make John Fahey, as Commissioner of Albany County Department of Social Services, a party *822 respondent and petitioner, ordered to serve respondent Fahey with a copy of all papers. Petitioner complied with the order and served a notice of petition dated March 26, 1974, returnable April 26,1974.
Petitioner, a recipient of aid to the disabled, received her monthly check of $94. She cashed the check at a grocery store and spent part of the check for groceries. On the way home from the store she was robbed of approximately $76. Petitioner reported the theft to the police and to the Albany County Department of Social Services where she requested emergency assistance. The Department of Social Services issued her a voucher of $31 to purchase food. The department attempted to recover the $31 food voucher from her future monthly grants. Petitioner,
. on June 19,1973, requested a fair hearing to review the proposed action and to obtain replacement for the entire sum of $76. A fair hearing was held July 9, 1973. Respondent Lavine determined that Albany County could not recover the amount of the food voucher and also determined that Albany County’s grant of a $31 food voucher complied with 18 NYCRR 352.2 (c) which authorizes emergency assistance when cash is lost or stolen but does' not mandate replacement in full. That part of the determination is the basis for this action.
While the fair hearing decision was pending, petitioner commenced an action solely, against Albany County Department of Social Services returnable July 27, 1973, wherein she requested emergency assistance for July. Petitioner alleged that one reason she was destitute was the theft of $76 in cash which was replaced by a $31 food voucher. Justice Larkin dismissed the action as moot based upon an oral stipulation between petitioner and respondent Albany County Department of Social Services, wherein additional assistance was provided petitioner.
Section 131-a of the Social Services Law provides, insofar as pertinent, as follows: ‘ ‘ 131-a. Monthly grants and allowances of public assistance. 1. Any inconsistent provision of this chapter or other law notwithstanding, social services officials shall, in accordance with the provisions of this section and regulations of the department, provide home relief, veteran assistance, old age assistance, assistance to blind, aid to the disabled and aid to dependent children, to needy persons who constitute or are members of a family household, who are determined to be eligible in accordance with standards of need established in subdivision two. Provision for such persons, for all items of need, less any available income or resources which are not required to be disregarded by other provisions of this *823 chapter, shall be made in accordance with this section. Such provision shall be made in monthly or semi-monthly allowances and grants within the limits of the schedules included in subdivision three of this section except for additional amounts which shall be included therein for shelter, fuel for heating, additional cost of meals for persons who are unable to prepare meals at home and for other items for which specific provision is otherwise made in article five ”.
18 NYCRR 352.2 provides, insofar as pertinent, as follows: “ 352.2 Allowances and grants for persons who constitute or are members of a family household, (a) Each social services district shall utilize the applicable schedules of monthly grants and allowances as found in subdivision (e) to provide for all items of need, exclusive of: * * * (d) Supplemental allowances and grants may not be made other than as authorized under the regulations nor in excess of established schedules. A special allowance and grant may be made to duplicate a grant already made because the cash has been lost or stolen; such duplicate allowance and grant is not reimburseable by the State.”
18 NYCRR 352.7 (g) provides, insofar as pertinent, as follows : “ (g) Payment for services and supplies already received. Assistance grants shall be made to meet only current needs. Under the following specified circumstances payment for services or supplies already received is deemed a current need: (1) Replacement of lost or stolen checks, (i) If an applicant or recipient reports to a local social services, official that a check has been lost or stolen, an affidavit of loss shall be required of the recipient, and payment of the check shall be stopped. If the recipient has not already done so, he shall be required by the local social services official to report the loss or theft to the police, to obtain from them the blotter entry number, or classification number, or file number or other available evidence of the reporting, and to furnish such evidence to the local social services official. When satisfied that such police report has been made, the local social services official shall issue a replacement check to the recipient, on which there shall appear above the place for the recipient’s signature, the following: ‘By endorsing or cashing this check I acknowledge that this is a replacement for a check, number......dated................ drawn to my order on..................which was lost/stolen; that I have not received the proceeds of said check directly or indirectly; and that I have been informed it is illegal for me to cash said check, and if I do so, I am liable to prosecution. ’ (ii) *824 If payment is not stopped on the original check and it and the replacement check are both cashed, only one shall be subject to State reimbursement, and the social services district shall limit its claim for State reimbursement to one of the two checks, (iii) If it is established that a recipient endorsed and cashed an allegedly lost or stolen check which has been replaced the amount of such check shall be recovered from the recipient as provided for by the provisions of the regulations of this department.”
The sole question before this court is: “ must stolen cash be replaced in full pursuant to Section 131-a of the Social Services Law? ”
There does not appear to be any specific regulation providing for lost or stolen cash as distinguished from a lost or stolen check. It is the opinion of this court that it must be deemed to create a current need. This court cannot distinguish as to need whether a check is lost or stolen or cash is lost or stolen; the need is the same. To interpret the rule otherwise would make the rule arbitrary and capricious.
If the need created by the loss of a check is satisfied in full by a replacement check, then the need created by the loss of cash must also be satisfied in full by the replacement of cash in the interest of justice and fair play where, as here, the facts of the loss or theft are not disputed by the respondents. Therefore there is a duty mandated by law to replace the cash in full and a refusal to do so on the part of the County of Albany is arbitrary, unreasonable and contrary to law.
The grant denial by respondent Fahey and the fair hearing decision by respondent Lavine are arbitrary and capricious.
The contention of respondent Lavine that the duty of providing necessary assistance to avoid destitution will vary in each case, is not applicable to this situation. The need being deemed to exist when cash is lost or stolen, as it is when a check is lost or stolen, eliminates any necessity to make a factual determination of need and therefore this is properly a class action to compel replacement in full when a qualified recipient loses by theft or otherwise cash previously supplied when such recipient meets the requirements of 18 NYCRR 352.7 (g) (1) as to reporting such loss or theft.
The relief demanded by the petitioner is granted and the attorney for petitioner is directed to present a proposed order for judgment to this court consistent herewith and in compliance with the procedure required by CPLR 5016 (subd. [c]).