Guy A. Graves, J.
The petitioner seeks an order, pursuant to CPLR article 78, directing respondent Staszak to provide hér with an emergency grant to pay overdue utility bills to respondent Niagara Mohawk Power Corporation. Further, petitioner seeks to have this court order the respondent to desist from his purported policy of denying emergency assistance cash grants to prevent shutoffs to recipients of supplementary security income (Federal program SSI promulgated January 1, 1974) and requiring respondent Lavine to promptly advise local social services districts that emergency assistance must be provided, upon proper proof of need, to destitute recipients of SSI who are threatened with a shutoff of utility services.
The basic facts are undisputed. The petitioner, a recipient of SSI receives utility services from respondent Niagara Mohawk *548 Power Corporation, Inc. She was threatened with the termination of services for nonpayment. Niagara Mohawk Corporation, Inc. terminated the service on June 25, 1974, but restored it. Petitioner applied to respondent Staszak for an emergency grant to pay the bill and the application was denied. The court issued a temporary restraining order to prevent the termination of utility services and on the return date issued a preliminary injunction.
Prior to January 1, 1974, petitioner was receiving public assistance under New York State Aid to the Disabled program. On January 1, 1974, petitioner, pursuant to section 1381 of title 42 of the United States Code, et seq., was transferred automatically to SSI, the Federal program of income maintenance to adults. Respondent Lavine, as Commissioner of the New York State Department of Social Services, promulgated section 397.1, et seq., of title 18 of the Official Compilation of Codes, Rules and Regulations of the State of New York, effective January 2, 1974, implementing subdivision 6 of section 131-a of the Social Services Law, to authorize emergency assistance to adults whose needs were not met by the Federal program. Sections 300 through 308 of the Social Services Law (L 1974, ch 1081, approved June 15, 1974, eff as of April 1, 1974) authorizes emergency assistance to aged, blind and disabled persons.
The respondents Staszak and Lavine have answered and filed objections in point of law. Respondent Staszak alleges that petitioner has failed to seek a fair hearing and administrative review thereof pursuant to the regulations of the State Department of Social Services (18 NYCRR 397.7). Respondent Lavine has moved to dismiss the petition on the grounds that petitioner has not exhausted her administrative remedies prior to the commencement of this proceeding.
Petitioner’s application is one for emergency assistance and to require an exhaustion of administrative remedies under the circumstances presented may render the fair hearing route moot, if not futile by mere passage of time. (See Matter of Borders v Nassau County Dept. of Social Servs., 34 AD2d 805.) Respondents Staszak and Lavine’s position on this point is without merit.
It must be borne in mind here that the petitioner seeks emergency aid to avert a potential disaster by loss of heat and light. The State of New York anticipated the Federal passage of SSI and proceeded to enact legislation to provide for needs *549 that are not met by the Federal program. (See Social Services Law, § 131-a, subd 10.) The State of New York has a duty to care for its needy. (See NYS Const, art 17, § 1.) subdivision 1 of section 62 of the Social Services Law and subdivision 1 of section 131 of the Social Services Law provide, in substance, that the social services officials are responsible for those in need of public assistance consistent with the requirements of the Social Services Law and the New York State Constitution. (See Elms v Lavine, 79 Misc 2d 1.) The inability to obtain heat and other utilities in this climate certainly would constitute an emergency and social services must act to protect the destitute. In view of this conclusion, the contention of the petitioner that subdivision 1 of section 303 of the Social Services Law and regulations of the State (18 NYCRR Part 397), implementing said section, are unconstitutional in that emergency assistance to SSI recipients is limited to "catastrophic” cases is rendered untenable.
The petitioner’s attempt to seek broad and categoric relief on behalf of all those allegedly similarly situated is denied. Each application must be considered on its own merits.
Therefore, that portion of the petitioner’s application which would require respondent Staszak to desist from an alleged policy of denying emergency assistance cash grants in such instances is denied. To grant such relief would, in effect, substitute the court’s judgment for the respondent’s in all such cases and would constitute a judicial interference with the basic operation of the Schenectady County Department of Social Services.
The motion of the petitioner which would require respondent Lavine to advise all local social services districts in the State that emergency assistance must be provided to destitute recipients of SSI who are threatened with shutoff of utilities services is likewise denied. The granting of such relief would constitute unwarranted judicial intervention in the operation and promulgation of rules and regulations that implement the requirements of the Social Services Law. (See Ingram v Fahey, 78 Misc 2d 958.)
This court, accordingly, holds that the Schenectady Department of Social Services must meet the immediate emergency requirements of the petitioner by paying Niagara Mohawk Power Corporation so much of said utility bill as will eliminate the present existing emergency situation. If the parties *550 are unable to agree to said amount, this court will determine the same on application.
An order may be submitted accordingly.