Morris Slifkin, J.
This is a proceeding pursuant to CPLR article 78 in which petitioner seeks to annul a determination of respondent after a fair hearing that funds are not be issued to fully replace the cash sum stolen from her representing the proceeds of a September, 1974 public assistance grant. Respondent county moves to dismiss the petition.
Briefly stated the facts are as follows. On September 5, 1974 the petitioner reported to the Yonkers Police that, after cashing her public assistance check, her wallet containing $400 in cash was stolen. The following day she reported the theft to respondent Nyden’s Yonkers office and was given a check for $220 with which to pay her rent. The next day she was given $70 to purchase food upon her agreement to allow respondent Nyden to recoup this sum from future grants. She repeatedly requested respondent to pay the balance of $110 which was not replaced.
Thereafter a fair hearing was held to contest both the failure to replace the $110 and the determination to reduce the grant to recoup the replacement check. The hearing officer and the commissioner both held that respondents could not recoup the replacement moneys, but held that the determination not to replace the remaining $110 was proper.
Petitioner commenced the instant proceeding to review that portion of the determination which denied her request to replace the $110. It is her claim that the refusal to issue a grant for the full amount stolen was arbitrary and capricious and in violation of law.
The issues and claims advanced by petitioner herein have recently been raised and determined by the Supreme Court, Albany County (Edward S. Conway, J.) in two separate proceedings (Brown v Lavine, 78 Misc 2d 821, Vroman v *682 Fahey, 78 Misc 2d 1081) and in a single proceeding before A. Franklin Mahoney, J. (Hinton v Lavine, Supreme Ct, Albany County, Nov. 18, 1974).
In the two proceedings before Mr. Justice Conway, petitioners, after they cashed their assistance checks, had the cash proceeds stolen. In Vroman, the county refused to replace any of the stolen cash because it allegedly could only replace stolen checks. In Brown, the county gave petitioner a partial reimbursement to enable her to purchase food but refused to replace the entire amount stolen. Mr. Justice Conway held in both proceedings that the refusal by the county to replace in full the stolen money, was arbitrary and capricious and directed that the cash be replaced. He noted in Brown v Lavine that section 352.2 (d) of title 18 of the Official Compilation of Codes, Rules and Regulations of the State of New York provides that a special allowance and grant may be made to duplicate a grant already made because the cash has been lost or stolen and that such a duplicate allowance is not reimbursable by the State. Further, section 352.7 (g) thereof provides that if a check issued to an applicant is lost or stolen, the local social services, upon being satisfied that a police report of the theft has been made, shall replace the check.
The court held by a parity of reasoning, that if the need created by the loss of a check is satisfied in full by a replacement check under the foregoing regulation (18 NYCRR 352.7 [g]), then the need created by the loss of cash as opposed to a check must also be satisfied in full by the replacement of the lost cash relying on section 352.2 (d) of title 18 of the regulations. It held that in the interest of justice and fair play, where, as in that case, the facts of the loss or theft are not disputed by respondents, there was a duty mandated by law to replace the cash in full.
In Hinton v Lavine (Supreme Ct., Albany County, Oct 18, 1974), Mr. Justice Mahoney held that in view of the difference in the language of the regulations dealing with replacement of lost checks (18 NYCRR 352.7 [g]), and that of the regulation dealing with lost cash (18 NYCRR 352.2 [d]) replacement of lost cash is required only where there is a showing of destitution as a result of the loss of the cash. Such a distinction is based on the fact that where one seeks a replacement of a lost check, he must submit an affidavit of loss, payment of the check must be stopped, the applicant must report the theft to the police and must endorse a *683 replacement check which contains the statement "By endorsing or cashing this check I acknowledge that this is a replacement for a check number * * * dated * * * drawn on my order on * * * which was lost/stolen; that I have not received the proceeds of said check directly or indirectly; and that I am informed that it is illegal for me to cash said check and if I do so I am liable to prosecution.” (18 NYCRR 352.7 [g].) On the other hand, where lost cash is sought to be replaced the regulations fail to require a similar statement.
Mr. Justice Conway concluded that the difference in language between the two regulations is meaningless since the same degree of need is deemed to exist when cash is lost or stolen as in the case where a check is lost or stolen. Therefore, there was no necessity to make a factual determination of need or destitution. As noted above, Mr. Justice Mahoney required a showing of destitution before lost cash is replaced.
It is the view of this court that of the two, the result and rationale of Mr. Justice Conway is more appropriate. In applying destitution as a test Hinton v Lavine invoked the test to be applied on an original application for emergency assistance (Social Services Law, § 350-j, 18 NYCRR Part 372). However, as noted in Brown v Lavine, where replacement is sought of a lost check or lost cash, section 352 of title 18 of the regulations, which deals with standards of assistance is to be applied and that regulation of the Commissioner of Social Services is concerned with the amount to be awarded once initial eligibility is determined. Further, it is within that part that one finds the rules concerning replacement of a stolen check or stolen cash. Finally, the court notes that section 372.2(c) of title 18 of the Official Compilation of Codes, Rules and Regulations of the State of New York provides that emergency assistance shall not be provided when destitution is due to loss, theft or diversion of a grant already made. In Domine v Shreck (44 AD2d 98) the Appellate Division, Third Department, held that while this rule could not be applied as to children so as to deny temporary relief where the loss was due to theft or diversion of a grant, it could be applied to deny emergency assistance to adults. However, as noted above the present proceeding does not involve Part 372, but Part 352 of the regulations which does authorize replacement of cash which has been lost or stolen.
In electing to follow the decision of Mr. Justice Conway and directing respondent Nyden to fully replace the stolen grant, *684 the court is not unmindful of the fact that the result does create the possibility of a massive "rip off” of the Department of Social Services. As noted in Domine v Shreck (supra) there is no room for cheats, frauds, chiselers or other less dignified characters in our welfare system. However, as they are now written, the rules of the department must be interpreted as requiring replacement in full of both lost checks and lost cash. The remedy lies with the respondent department which may reconsider its regulations in view of the foregoing and adopt restrictions on the replacement of stolen cash. In the absence thereof, the court is constrained to reach the result it has reached and to direct respondent Nyden to pay to petitioner herein the sum of $110 representing that portion of the September grant which has not previously been reimbursed.
Submit judgment on notice.