Norman L. Harvey, J.
This is a CPLR article 78 proceeding. Petitioner, who is a recipient of public assistance under the Home Relief Program (Social Services Law, § 157) seeks: (a) a determination that respondent Schenectady County Department of Social Services’ policy of refusing to grant emergency assistance without immediate hearings to persons alleging the theft or loss of money after having cashed.their checks *25 is illegal; (b) an order requiring the payment of such money over to petitioner and all other persons similarly situated; (c) an order requiring the respondent to cease and desist from pursuing such a policy in the future.
There is some question whether the recently decided case of Matter of Jones v Berman (37 NY2d 42 [1975]) compelling the granting of such emergency assistance in cases arising under the Aid to Dependent Children (ADC) categorical assistance program (US Code, tit 42, § 606, subd [e], par [1]; Social Services Law, § 350-j) extends over to include recipients under the Home Relief Program.
Although the State statutory authorization for emergency assistance specifically applies to the ADC Program for the purpose of meeting Federal eligibility standards for the State program, it has been determined by most courts that emergency assistance must be forthcoming from local welfare authorities where non-ADC relief check proceeds as well have been allegedly lost or stolen. The rationale for this result has been the general duty of public welfare officials to provide for those unable to provide for themselves which is articulated in sections 62 and 131 of the Social Services Law, as interpreted in regulations promulgated by the commissioner at 18 NYCRR 352.2 (d) which specifically authorize the grant of a special allowance where cash under any public assistance program has been lost or stolen. (Vroman v Fahey, 78 Misc 2d 1081; Brown v Lavine, 78 Misc 2d 821; Allen v Lavine, 82 Misc 2d 680.)
It thus follows that the respondent herein acted arbitrarily and capriciously and in violation of his own departmental regulations by automatically denying emergency assistance to petitioner without even the benefit of an immediate or preferred hearing to determine the legitimacy of the claim with respect to either the actual reason for loss of the money or the degree of destitution of the applicant.
It does not follow that a broad order should issue declaring these policies to be constitutionally infirm, or applying similar relief to all persons who have been or may be denied emergency assistance payments on such a basis. "Each application must be considered on its own merits. Therefore, that portion of the petitioner’s application which would require respondent Staszak to desist from an alleged policy of denying emergency assistance cash grants in such instances is denied. To grant such relief would, in effect, substitute the court’s judgment for *26 the respondent’s in all such cases and would constitute a judicial interference with the basic operation of the Schenectady County Department of Social Services.” (McWilliams v Staszak, 82 Misc 2d 546, 549.)
With respect to petitioner’s attempt to secure class action relief, the Court of Appeals, in Jones v Berman (37 NY2d 42, 57, supra) noted that "where governmental operations are involved, and where subsequent petitioners will be adequately protected under the principles of stare decisis (Matter of Rivera v Trimario, 36 NY2d 747), we are of the opinion that class action relief is not necessary.”