Arthur S. Hirsch, J.
Petitioner, in this article 78 proceeding, seeks, on ¡behalf of herself and all others similarly situated, a judgment requiring respondent Commissioner of the New York City Department of Social Services to make public assistance payments to members of the class as the need arises, and declaring the rights of such class under the applicable statutes.
For a clear understanding of this proceeding, it is necessary to trace the history of certain forms of public assistance available to our citizens. Prior to January 1, 1974 there was a program entitled “ Aid to the Aged, Blind and Disabled ” (AABD), (U. S. Code, tit. 42, § 301 et seq., § 1201 et seq., § 1351 et seq.). Although provided .by Federal law, this program was administered by the State of .New York through its local public welfare districts, with reimbursement from the Federal Government (Social Services Law, §§ 207-320). On January 1, 1974 these programs were replaced by a new program: Supplemental Security Income for the Aged, Blind and Disabled :(SSI), (U. S. Code, tit. 42, § 1381 et seq.). SSI is administered by the Federal Government with payments made directly by the Social Security Administration.
*394 Petitioner applied to the New York City Department of Social Services for public assistance on January 10, 1974. She is 58 years old and is unable to work due to a disability. At the time of her application, petitioner claimed to be without funds and in need of immediate emergency assistance. After making preliminary inquiries, the Department of Social Services referred petitioner to the Social Security Administration so that she might apply for assistance under the SSI program. At the Social Security office she filed an application and was told that it would take four to six weeks to process her application. She returned on two occasions to the Department of Social Services seeking interim assistance and was denied any help. During this time she received $100 from the Social Security Administration as an emergency stipend. The Social Security Administration has no authority to make any payment of emergency funds in excess of this amount (IT. S. Code, tit. 42, § 1383, suibd. [a], par. [4], cl. [A]).
Petitioner is presently without funds and is in fear of being evicted from her home for nonpayment of rent.
The question which is presented to the court is what responsibility the New York City Department of Social Services has to people in need of assistance, who have applied for and will probably receive SSI, during the pendency of their applications.
In response to this proceeding the Department of Social Services has not given any clear reason for denying public assistance to petitioner; in fact, it does not even admit or deny that any assistance was refused. The answering papers do not in any way help the court to determine the truth of petitioner’s allegations. The affidavit of the Assistant Corporation Counsel representing the respondent is a mere denial of all allegations and contains vague and conclusory statements. The answer submitted denies knowledge and information sufficient to answer the petition and sets forth six separate affirmative defenses, which can be best summarized as follows:
1. There is no basis for a class action since there is no showing of a class of people similarly situated to petitioner.
2. There is a program in existence which meets the needs of petitioner.
3. That petitioner did not give the respondent an opportunity to process her application for assistance (without stating that had she done so it would have been granted).
4. That the 'State Commissioner of Social Services is a necessary party to this proceeding.
*395 5 and 6. That the Federal Government pre-empted responsibility for payment of public assistance to petitioner.
The court ¡will- first dispose of those defenses which are procedural in nature and which, if sustained, will defeat petitioner’s application.
Section 131 of the Social Services Law places a responsibility upon .public welfare officials to provide for those unable to maintain themselves. Section ¡62 of that law places the primary responsibility for carrying out this mandate upon the local public welfare district, here the City of New York (Social Services Law, § 61). This responsibility is not dependent upon any assurance of reimbursement from the State (Matter of Lawson v. Shuart, 67 Misc 2d 98; Matter of Ross v. Barbaro, 61 Misc 2d 147).
Since the'v.primary responsibility for public assistance to petitioner rests with respondent as head of the New York City Department of Social Services, and no complaint is made as to any failure to act on the part of the State Commissioner of Social Services, the latter is not a necessary party to this proceeding.
Since respondent denies knowledge of the operations of his department sufficient to answer petitioner’s charges that persons in her position are systematically refused public assistance or to state why such assistance was denied to petitioner, the court has no alternative but to consider these allegations as factual. This, when considered in light of the respondent’s blanket denial of responsibility in his fifth and sixth affirmative defenses, leads the court to conclude that the acts complained of will and actually do affect a great number of people, to wit, all those who apply for SSI and are in need of assistance during the pendencey of their applications beyond the $100 grant provided by the Social Security Administration.
This court is aware of the population of the city and of the vast number of persons who would be eligible for SSI or who may become eligible in the future, many of whom, due to their age or physical impairment, anight be in need of immediate assistance. It is that group of citizens who constitute the “ class ” in this proceeding.
Petitioner is ably represented herein by attorneys of the Legal Aid Society and it is the opinion of this court that it is in the interests of justice to allow this proceeding to be maintained as a class action for the purpose of determining the responsibility of the respondent to the afore-mentioned group of people- (CPLB, 1005 Young v. Shuart, 67 Misc 2d 689, affd. 39 A D 2d 724).
*396 In a recent decision by Mr. Justice Harnett, it was decided that SSI does not create an absolute Federal pre-emption of the State’s responsibility to provide for those persons eligible for SSI (Fuller v. Nassau County Dept. of Social Servs., 77 Misc 2d 677).
A similar conclusion was reached iby Justice Buskin in the case oí Freedman v. Berman (Supreme Ct., Westchester County, Index No. 314/74, 1/11/74).
The State itself has recognized its ongoing responsibility by establishing regulations which provide for emergency assistance to recipients of SSI (18 NYCBB Part 397).
The afore-mentioned regulations, which constitute New York State’s Emergency Assistance for Adults (EAA) program, are applicable only to those “ determined to be eligible by appropriate Federal agency for supplemental security income ” (18 NYCBB 397-1 [a]). Furthermore, EAA provides emergency assistance only, not “ interim ” assistance, until SSI benefits are received. Emergency assistance is a one-time grant to alleviate a specific hardship. The “ interim ” assistance sought here may be for a period of several weeks until SSI benefits are commenced.
The court agrees with the decision of the court in Fuller v. Nassau County Dept. of Social Servs. (supra) which held that the Constitution and laws of this State require that public assistance be provided for those whose needs are not met by SSI alone (N. Y. Const., art. 17, § 1; Social Services Law, §§ 62, 131-a). While that decision and the one in the Freedman cage (supra) were limited to persons who had previously received AABD benefits and were to automatically become recipients of SSI, this court sees no rational basis for distinguishing these cases from the instant proceeding, and determines that it is the responsibility of local social service officials to provide public assistance to persons who have applied for SSI benefits and who are in need during the pendency of their applications.
Accordingly, the application is granted to the extent outlined herein.