Samuel J. Silverman, J.
This is an article 78 proceeding by a .recipient of public assistance against the City and State Commissioners of Social Services and against petitioner’s landlord. Petitioner seeks to compel respondent commissioners to grant petitioner emergency and short term assistance.
1. No viable claim is stated against respondent landlord. Indeed the petition asks no relief as against the landlord. Unless somebody pays the rent, the landlord presumably has the right to proceed with its summary eviction proceeding. Accordingly, the petition is dismissed as against the landlord, S & K Estates, Inc.
2. Respondent State commissioner moves to dismiss the proceeding as against him because petitioner has not exhausted her administrative remedy and because “ said respondent is not a party in interest. ’ ’ It appears to be undisputed that if petitioner is entitled to any relief as against either the State or city commissioner, she is entitled to such relief only against the city commissioner at least at this time. (Social Services Law, § 62, subd. 1.) Accordingly the petition is dismissed as against the State Commissioner of Social Services.
There remains the claim against the City Commissioner of Social Services.
*705 3. Prior to January 1, 1974 petitioner was a recipient of public assistance from the City of New York in the category of Aid to the Disabled.
As of January 1, 1974 the administration of the payment of claims to the aged, blind and disabled was taken over by the Federal Social Security Administration pursuant to the then recently enacted “ Supplementary Security Income Program” (SSI). (See U. S. Code, tit. 42, § 1381 et seq.; Social Security Amendments of 1972, P.L. 92-603; 86 U. S. Stat. 1465 and the renegotiation amendments found in U. S. Code Cong. & Admin. News, 1972, p. 1548 and 1973, p. 1055.)
Pursuant to that statute petitioner began receiving her monthly SSI checks from the Social Security Administration and apparently received them for January, February, and March of 1974. She alleges that she has not received checks since then; that the SSI office told her that the computer was confusing the issuance of her checks with those of others with the same name and that she should “ request emergency assistance from the Department of Social Services ”; that on May 2, 1974 she went to a local office of the City Department of Social Services and was denied emergency assistance and told to request aid from the SSI program. In the meantime a summary dispossess proceeding is pending against her for nonpayment of rent. She further alleges that she lacks funds to purchase necessary food and to pay rent now due. She alleges that she has requested a “fair hearing” before the State Department of Social Services; that no date for the hearing has been set and that presumably it will take more than 60 days for a decision to be rendered by the State commission.
Accordingly she alleges that the city commissioner’s failure to give her emergency assistance for food and shelter is arbitrary and capricious and an abuse of discretion and she asks the court to direct the respective commissioners to grant her emergency assistance in an amount sufficient to cover food and to keep her shelter, including her need for a lump sum payment to forestall eviction.
4. Petitioner’s memorandum of law makes clear that the problem to which the petition is addressed arises solely from the delay in the receipt of her current SSI checks.
The problem thus presented is one which will probably arise in thousands of instances and thus the question is presented whether every time an SSI check is late, the recipient will apply to the State courts to direct the city commissioner to give recipient emergency assistance, with presumably later complica *706 tions as the city seeks reimbursement from the petitioner when she gets her SSI check or from the Federal Government for the' amounts thus disbursed by the city.
In the present case there is so far as appears no dispute about petitioner’s right to receive the SSI payments. No question of discretion is involved. She has received her first three checks; all that has gone wrong is some administrative foul-up. In these, circumstances one must ask why does not the petitioner apply to the Federal court to mandamus the Social Security . Administration to make the payments which they are under a ministerial nondiseretionary duty to make. . On the face of the relevant statute,. it would seem that the United States District Court, sitting across the street from the State Supreme Court, has jurisdiction in such a proceeding to make the direction which would cure the whole problem. Section 1361 of title 28 of the United States Code says: “The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.” (Cf. Leonhard v. Mitchell, 473 F. 2d 709, 712, 713; Aguayo v. Richardson, 473 F. 2d 1090, 1101.) Such a procedure, if available, would eliminate the whole complicated set of consequences of an order by this court and would simply and directly order the agency primarily responsible to perform its clear duty.
On oral argument it was suggested that there was some doubt about whether the Federal court has jurisdiction. Perhaps so. But in the absence of some clear ruling to the contrary, it would appear to me that a petitioner, circumstanced as petitioner is, should apply for her direct relief in the Federal court instead of the roundabout way of going through the State court.
There is also the question of the effectiveness of the remedy. Presumably the Federal authorities should already be trying to get petitioner her SSI checks, but experience indicates that a mandamus order frequently increases the intensity of such efforts. Of course the computer will pay no attention to a mandamus order.
In any event, we will not definitively know whether the direct remedy of Federal mandamus is available and effective in these cases until somebody asks for it.
Nor am I wholly persuaded of the applicability to the present situation of Justice Harnett’s view, in a somewhat different but related situation, that if there is to be other judicial recourse, the governmental agencies involved should pursue it. (Fuller v. Nassau County Dept. of Social Servs., 77 Misc 2d 677.) That *707 case involved a problem arising from and during the transition from State to Federal administration, when the Federal agency had not yet accepted the petitioner for SSI benefits. Here the Federal agency has assumed and began to discharge its responsibility to petitioner. Furthermore, someone circumstanced like petitioner is the obvious person to invoke the Federal remedy. And while petitioner herself, for practical reasons, cannot do it without assistance, she is represented here by MFY Legal Services, Inc., one of the legal service groups that handles and can be expected to continue to handle a great many similar welfare claims, and which is probably as. well informed in this area as any law office in the city.
Accordingly, petitioner will be required to apply to the Federal courts for appropriate relief.
There remains the question whether that is petitioner’s only remedy.
I do not think the regulations of the City Department of Social Services with respect to emergency assistance pursuant to which petitioner seeks relief in this case (18 NYCRR 397.1) really cover this case. Conceivably this can be deemed an ‘ ‘ emergent short-term ” case under section 370.2 of the Rules of the Department of Social Services (18 NYCRR 370.2), though that is by no means clear.
Petitioner points, however, to section 1 of article XVII of the New York State Constitution which states that the “ aid, care and support of the needy are public concerns and shall be provided by the state and by such of its subdivisions, and in such manner and by such means, as the legislature may from time to time determine.” Further statements of the general duty to render public assistance to those who need it are contained in sections 158 and 131 of the Social Services Law. Petitioner argues that under these constitutional and statutory provisions, the State and its local subdivisions have a residual obligation to take care of their needy inhabitants who are “not receiving ” aid elsewhere (Social Services Law, § 158); that petitioner is not “receiving” aid elsewhere and that, therefore, the city should give her aid.
The most thorough discussion of this problem that I have seen is that by Mr. Justice Harnett in Fuller v. Nassau County Dept. of Social Servs. (77 Misc 2d 677, supra). Mr. Justice Harnett there considered .ne problem of persons who were no longer receiving 8 Ate aid, and who had not yet been accepted by the Social Security Administration as being entitled to SSI benefits. He there held that the State and its local subdivisions *708 do, indeed, have a residual duty of support and granted relief to the petitioners before him.
However, he did make two qualifications, perhaps applicable here. He said (p. 686): “ The State and local duty to provide emergency care may not be automatically invoked if an isolated SSI check simply does not arrive at the first of the month. It is only after a reasonable effort has been made at the Social Security Administration Office to secure due payment, and the effort has proved unsuccessful, that the residual responsibility arises. Here, a widespread administrative breakdown is concededly in conspicuous being.” He also said (p. 679): “New York has a number of possible alternatives, other than blanket denial of its duty of care, that will protect its legitimate fiscal concerns. If the State is concerned about duplicate payment, it can protect itself under existing provision allowing legal procedure against social service recipients where assets (in this case, one of the double payments) are located. Indeed, it may condition its payment on assignment by the recipient of his claim to any duplicate benefit from the Federal Government. Immediate interagency communications may be established so that a due-but-late Federal check can be intercepted and stopped after a State grant has been issued (with later negotiation between the government bodies as to which one is to bear the ultimate burden for such monies expended). Moreover, the State might treat with the Federal Government to solve the problem politically, administratively, or legislatively.”
5. The city commissioner has answered the petition, and has requested a jury trial on all disputed questions of fact.
I do not think the case is clear enough to warrant final judgment either way on the affidavits before me. The city is entitled to a reasonable opportunity to ascertain what happened to petitioner’s SSI checks and whether or not petitioner has in fact received any of them. Again there is the question of whether petitioner has made a reasonable effort to secure payment from the Social Security Administration. There are also,
I think broader questions of fact and law that require further exploration. Accordingly a trial of the questions of fact will be directed.
6. The city is entitled to a jury trial on the issues of fact. (See Matter of Hudson v. Dumpson, Sup. Ct., New York County, Frank, J., N. Y. L. J., April 19, 1974, p. 15, col. 4.)
7. But what of petitioner in the meantime1? What does she do about food and shelter while this case awaits a jury trial or Federal court relief?
*709 On the oral argument the corporation counsel consented to petitioner’s having a food grant pending the determination of the motion; and the landlord agreed not to evict petitioner before May 31, 1974.
If I direct the New York City Department of Social Services to give assistance to petitioner during the pendency of this proceeding, and it turns out that she is not entitled to it, the city will have paid some money which it may or may not be able to recover. On the other hand, if petitioner is denied relief during this period and it is later determined that she is entitled to it, I see no way to make it good to her retroactively. The balance of hardship clearly tips in favor of petitioner. Accordingly the City Commissioner of Social Services is directed to continue food grants to petitioner and money sufficient to pay her current rents beginning with the month of April, 1974 until such time as petitioner receives her SSI checks. Petitioner will be required to assign such future SSI checks or so much thereof as may be necessary to reimburse the city for the amounts thus advanced. And with each payment from the city, petitioner may be required to represent that she has not received the SSI checks.
8. There remains the question of the pending eviction proceeding. That proceeding is based upon petitioner’s failure to pay rent for January, February, and March, 1974. During those months she apparently received her SSI checks. There is no explanation of why the January to March rent has not been paid. Accordingly I decline to direct the city to make a lump-sum payment to petitioner for the January, February and March rent. It may well be, however — but this I think is a matter for the city commissioner to decide — that the city as well as the petitioner would be better off making some interim arrangement to prevent petitioner’s eviction from her present residence, notwithstanding my refusal to order the commissioner to make a lump-sum payment to cover January, February and March rent.
9. It is, I suppose, conceivable that the interim relief that I have directed will really dispose of the whole case. I think that neither the city nor petitioner’s counsel should allow the case to be disposed of without obtaining an appellate determination as to what procedure should be followed in cases like that of petitioner. There is apparent need of having the point settled. As in Matter of Oliver v. Postal (30 N Y 2d 171, 177) although the meeting of petitioner’s needs, if and when they are met, may render the present proceeding “ academic and moot, the questions presented, particularly since they are likely to recur, *710 are of sufficient importance and interest to justify (the appellate courts). entertaining it. ’ ’
■ During the pendency of this proceeding, and not later than 30 days after this decision, petitioner shall apply to the Federal court for appropriate relief — unless petitioner on the trial can cite an authoritative, final determination that such relief is not available. Failure to do so may be deemed sufficient cause to dismiss the proceeding for willful failure to pursue an available, effective remedy.