Marie **BUCKLES** et al.

v.

Caspar **WEINBERGER**, Secretary of Health, Education and Welfare Department.

Civ. A. No. 74–2885.

United States District Court, E. D. Pennsylvania.

Dec. 20, 1974.

Linda M. Bernstein, Community Legal Services, Inc., Sylvania House, Philadelphia, Pa., for plaintiffs.

Kenneth A. Ritchie, Asst. U. S. Atty., Philadelphia, Pa., for defendant.

## MEMORANDUM

FOGEL, District Judge.

This is an action which seeks to enjoin the practice of the defendant Secretary of Health, Education and Welfare, and his agents and delegates, by means of which certain Supplemental Security Income benefits are terminated without adequate advance notice and the opportunity for a full and fair hearing. On December 18, 1974, we heard oral argument on the cross-motions for summary judgment filed by the parties, and on plaintiffs' oral motion for a preliminary injunction. On the basis of the arguments and briefs of counsel, and the Stipulation filed in lieu of documentary exhibits and oral testimony, we have determined that a Preliminary Injunction will issue, pending a full consideration of the record and the preparation of a definitive opinion and order.[1] In support of the Preliminary Injunction, we make the following tentative Findings of Fact and Conclusions of Law, pursuant to Rules 65 and 52 of the Federal Rules of Civil Procedure. These Findings and Conclusions are subject to modification prior to the issuance or denial of a permanent injunction.[2]

## FINDINGS OF FACT [3]

1. The Supplemental Security Income (SSI) program went into effect on January 1, 1974, replacing three categories of public assistance then in effect, Aid to the Aged, Aid to the Blind and Aid to the Permanent and Totally Disabled (APTD).

2. SSI is a subsistence income program which in Pennsylvania provides $146.00 per month to an eligible individual and $219.00 per month to an eligible couple. These amounts are supplemented in Pennsylvania by $20.00 for an individual and $30.00 for a couple.

3. The SSI program was enacted by Congress in October of 1972 (P.L. 92–603, 42 U.S.C. § 1381 et seq.), to take effect on January 1, 1974.

4. In the December 1972 legislation, Congress provided that any person who was permanently and totally disabled as defined in a state public assistance plan and who had received benefits under that state plan in December, 1973, would automatically qualify under SSI. Act of Oct. 30, 1972, Pub.L. 92–603, § 1614(a)(3)(A), 86 Stat. 1471.

5. On December 31, 1973, Congress amended this "grandfather" provision in the 1972 enactment by passing Public Law 93–233, § 9(2), 42 U.S.C. § 1382c(a)(3)(E), one day before the new program was to be effective. The

---

1. The parties have agreed that a final determination with respect to the relief sought by plaintiffs may be made on the basis of the record developed at the hearing on December 18, 1974.

2. We emphasize that the parties may apply to the Court for a modification of the Pre-liminary Injunction at any time prior to the final determination in this matter.

3. The Findings of Fact are based upon a stipulation entered into by the parties and submitted to the Court in connection with the cross-motions for summary judgment filed by them.

amendment permitted benefits to be paid without further inquiry only to those who had qualified under a state plan and received benefits for at least one month prior to July, 1973.

6. Therefore, those persons who first received state benefits after July 1, 1973, did not automatically and unconditionally qualify for conversion to SSI; instead it was required that a determination of disability be made as to them by the Social Security Administration pursuant to the new SSI standards.

7. In Pennsylvania, prior to January 1, 1974, named and class plaintiffs were beneficiaries of Pennsylvania's APTD program.

8. Named and class plaintiffs received APTD in December of 1973, but not for any month prior to July 1, 1973.

9. Approximately 10,500 people were transferred into SSI from the rolls of Pennsylvania's APTD program who had received APTD in December, 1973, but not for any month prior to July, 1973.

10. Named plaintiffs represent a class, under Rule 23(b)(2) of the Federal Rules of Civil Procedure, of over 4,500 persons in Pennsylvania who were found ineligible for SSI without an opportunity for a hearing prior to being found ineligible, because they were, according to defendant, allegedly not disabled.

11. Because named plaintiffs and those similarly situated had been determined by Pennsylvania officials to be disabled, and were receiving APTD benefits, on or about December, 1973, they received letters from the Social Security Administration stating in part:

"You do not need to file an application to get supplemental security income. A gold colored check for the amount shown above ($130.00) will come to you automatically about the first day of each month. This check will take the place of the checks you now get from your state or local public assistance office."

12. Plaintiffs were at no time requested by defendant to submit any additional evidence on their cases. Plaintiffs' checks began arriving on the first of each month. Plaintiffs took no further action to ensure their eligibility.

13. Plaintiffs' eligibility for SSI benefits has been evaluated under federal standards by the Social Security Administration and they have been found ineligible allegedly because they are not disabled.

14. The appeal process provided by defendant is found at 42 U.S.C. § 1383(c)(1)(3), and 20 C.F.R., Part 416. The appeal stages are carried out *after* benefits are discontinued, based upon defendant's contention that the cessation of payments is an initial determination rather than a suspension. 20 C.F.R. § 416.1321(c)(4).

15. Named plaintiffs are following the steps in the appeal process, the first of which is known as "reconsideration". Reconsideration does not provide opportunity to testify in person and cross-examine adverse witnesses. The named plaintiffs have all requested reconsideration. Plaintiff Buckles was still found to be ineligible after this review. Plaintiff Smeraski has not been informed of the result of the reconsideration of his claim.

16. Plaintiff Alicea has been determined to be eligible for SSI at the redetermination level, but she has not received any SSI payments yet.

17. The second step in the appeal process provided by defendant is a hearing before a hearing officer. This hearing is the first opportunity plaintiffs will have to contest their finding of ineligibility at an oral evidentiary hearing.

18. Plaintiff Buckles requested a hearing in August, 1974 and is still waiting four months later to be afforded one.

## CONCLUSIONS OF LAW

1. The Court has jurisdiction over the parties in this litigation.

2. Jurisdiction over the subject matter of this cause arises from the provisions of the Mandamus and Venue Act

of 1962, Pub.L. 87–748, § 1(a), 76 Stat. 744, 28 U.S.C. § 1361. Mattern v. Weinberger, 377 F.Supp. 906, 914 (E.D.Pa. 1974); Brown v. Weinberger, 382 F. Supp. 1092 (D.Md., 1974); Padilla v. Weinberger, No. 74–439 Civil (D.N.M., Sept. 20, 1974); Ryan v. Shea, Civ. Action No. 74–459 (D.Colo., June 21, 1974); Lyons v. Weinberger, 376 F. Supp. 248, 255 (S.D.N.Y., 1974).

3. Venue lies in the Eastern District of Pennsylvania, 28 U.S.C. § 1391(e).

4. This case may be maintained as a class action pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure, for the following reasons:

(a) the class, consisting of approximately 4500 persons in Pennsylvania, is so numerous that joinder of all members is impracticable;

(b) there are questions of law or fact common to the class;

(c) the claims of the named plaintiffs are typical of the claims of the class;

(d) the named plaintiffs, represented by competent and experienced counsel, will fairly and adequately protect the interests of the class;

(e) defendant Weinberger and his agents and delegates have acted or refused to act on grounds generally applicable to the class, thereby making appropriate injunctive relief with respect to the class as a whole.

5. Plaintiffs have raised a serious and substantial question with respect to the constitutionality of defendant's practice of termination of SSI benefits without prior notice and without the opportunity for a full and fair hearing before such benefits are terminated. Goldberg v. Kelly, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970); Brown v. Weinberger, *supra*; Padilla v. Weinberger, *supra*; Atwater v. Weinberger, No. C–74–243–D (M.D.N.C., Sept. 17, 1974); Ryan v. Shea, *supra*; Lyons v. Weinberger, *supra*, 376 F.Supp. at 258–262.

6. There is a substantial threat that plaintiffs and the class which they represent will suffer serious and irreparable injury if a preliminary injunction is not granted.

7. The balance of hardships in this litigation tips sharply towards the issuance of a preliminary injunction, in that great harm to plaintiffs and the class they represent will very likely occur if the preliminary injunction is not granted, and relatively insignificant harm will befall defendant if the preliminary injunction is granted, but it later appears that it was granted improvidently.

8. The issuance of a preliminary injunction will not cause substantial harm to others interested in the proceedings.

9. The public interest will not be adversely affected by the issuance of a preliminary injunction.

10. No security will be required of plaintiffs for issuance of a preliminary injunction in this matter. Scherr v. Volpe, 466 F.2d 1027, 1035 (7th Cir. 1972); Powelton Civic Home Owners Association v. Department of Housing and Urban Development, 284 F.Supp. 809, 840 (E.D.Pa.1968).