Florence ASHBY, Plaintiff,

v.

Caspar WEINBERGER, in his individual capacity and as Secretary of the Department of Health, Education and Welfare, Defendant.

No. 74–C–1790.

United States District Court, E. D. New York.

Sept. 10, 1975.

Judith L. Carlin, New York City, for plaintiff; Gerald Schwartz, New York City, of counsel.

David G. Trager, U. S. Atty., E.D. N.Y., Brooklyn, N. Y., for defendant; George H. Weller, Asst. U. S. Atty., of counsel.

BARTELS, District Judge.

Plaintiff sues the Secretary of the Department of Health, Education and Welfare to restore disability benefits provided to her under the Supplemental Security Income Program ("SSI"), 42 U.S.C.A § 1381 *et seq.*, which were terminated without notice and hearing allegedly in violation of her Due Process rights under the Fifth Amendment, citing *Goldberg v. Kelly,* 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970). Jurisdiction is invoked under the Civil Rights Act, 42 U.S.C.A. § 1983, 28 U.S.C.A. § 1343(3), federal mandamus jurisdiction, 28 U.S.C.A. § 1361, and the Administrative Procedure Act, 5 U.S.C.A. §§ 701, 702, 706(1), 706(2)(A) and (B). Each party, agreeing that there are no material facts in issue, now moves for summary judgment.

The SSI Program, effective January 1, 1974, is designed to transfer support for the aged, blind and disabled from partially federally-funded but state-administered programs to a completely federally-funded and administered program. As originally enacted, the legislation provided that all those who were receiving disability benefits under the then existing state-administered programs would be transferred to the SSI program on *its* effective date. However, just prior to the effective date, Congress became concerned that some states were improperly increasing the enrollment in the state-administered programs so that the burden of supporting the additional persons would be shifted to the SSI program. Accordingly, on December 30, 1973, Congress amended the original legislation establishing the SSI program to provide that only those who were receiving benefits under state-adminis-

tered programs prior to June 1, 1973, would be entitled to be automatically transferred to the SSI program, while all those who had entered the state Rolls between June 1st and December 31st, 1973, would now be required to qualify as new applicants for SSI benefits according to federal standards of disability, which often differed from state standards. The persons in this latter category, although required to satisfy new standards of disability, were not required to file an application but were deemed to have automatically filed the same and became known as "rollbacks." Plaintiff, who began receiving New York State disability benefits in November, 1973, falls within this group.

Under 42 U.S.C.A. § 1383(a)(4)(B) and 20 C.F.R. § 416.520, the Social Security Administration ("SSA") has the authority to grant certain persons interim coverage on the ground of "presumptive disability." Because of the administrative problems in evaluating the disabilities of each applicant in the rollback group according to the federal standards of disability, the SSA invoked this option to grant the rollback group interim coverage on the ground of "presumptive disability." Under these provisions persons in the rollback group could receive SSI benefits for up to three months while their applications were being evaluated, unless it was determined earlier that they were not disabled. Unfortunately, the SSA was unable to complete the task of evaluating all the applications within this three-month period. Accordingly, Congress amended the law to extend the "presumptive" disability period until December 31, 1974, unless non-disability was determined earlier. P.L. 93–256, 1974 U.S.Code Cong. & Admin.News, p. 2808, H.Rep. 93–871.

Following the above procedure, plaintiff was notified by SSA in September, 1974 that, after a review of her case without a hearing, she had been found not to be disabled under federal standards and that her benefits under SSI were to be terminated as of September 30th. She then followed the procedure for appeal of a denial of an application for benefits and thereupon received a post-termination hearing on March 31, 1975, which resulted again in a finding of non-disability on April 15, 1975, four months after the instant action was filed.

■ At first blush it would appear that plaintiff has had a hearing and that the case is now moot; however this is not true since the hearing occurred six months after the termination of benefits and she was deprived of disability payments during this period. While the complaint seeks injunctive and declaratory relief, it also contains the routine demand for "such other and further relief as the Court deems just and necessary," which we believe is sufficient to amount to a claim for reimbursement of the amount of SSI benefits plaintiff would have received between September 30, 1974, the date of termination of benefits, and December 31, 1974, the date of the expiration of authority for payments based on presumptive disability. Plaintiff thus has a claim for a monetary recovery which is not moot and the resolution of which will depend upon determination of the issues here involved. Cf. *Frost v. Weinberger*, 515 F.2d 57, 62 (2d Cir., 1975).

■ Plaintiff predicates her claim on the contention that the termination of her SSI benefits without a pre-termination hearing violated her rights under the Due Process clause, citing *Goldberg v. Kelly, supra*. In order to raise a due process claim plaintiff must first demonstrate a property interest in or legitimate claim to the SSI benefits. *Board of Regents v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). Plaintiff claims she has such an interest and defendant contends that she has failed to demonstrate such an interest in SSI benefits based solely upon presumptive disability. Both parties offer case

authority supporting their respective positions.[1]

 In defining the term "property interest," the Court in *Board of Regents, supra,* stated:

> "To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. . . . He must, instead, have a legitimate claim of entitlement to it." 408 U.S. at 577, 92 S.Ct. at 2709.
>
> . . . . . .
>
> "Property interests, of course, are not created by the Constitution. Rather they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law— rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." Id.

In the present case we must look to the statutory source of plaintiff's claim of entitlement to SSI benefits. See P.L. 93–256, 1974 U.S.Code Cong. & Admin. News, p. 2809, H.Rep. 93–871. It is plain from the statute authorizing presumptive disability payments and its legislative history, that they were merely intended to be a provisional and temporary measure and were only "presumptive" and not intended to give any permanent right to the recipients. *Hannington v. Weinberger,* 393 F.Supp. 553 (D.D.C., 1975); *Reed v. Weinberger* (Unreported), No. C74–936 (N.D.Ohio, April 11, 1975; *cf. Arnett v. Kennedy,* 416 U.S. 134, 151–

152, 94 S.Ct. 1633, 40 L.Ed.2d 15 (1974). *Lyons v. Weinberger,* 376 F.Supp. 248 (S.D.N.Y.1974), relied on by the plaintiff, does not hold to the contrary. There the Court held that a hearing was required before any reduction in benefits could be ordered with respect to those persons transferred from the state Rolls to the federal SSI program. The case dealt only with those who were on the state Rolls prior to January 1, 1974, and thus had a statutory entitlement to SSI benefits, not an interim presumptive entitlement granted those in the rollback.

This case is also distinguishable from *Goldberg, supra,* on another ground. Plaintiff 'is not placed in a position of "brutal need" as was the case in *Goldberg, supra,* 397 U.S. at 261–266, 90 S.Ct. 1011, by the discontinuance of benefits vital to her subsistence, since she can fall back on the duty of New York State to provide necessary support during the pendency of review of her SSI application and subsequent judicial review. N. Y.Soc.Services Law § 254 (McKinney's Supp. 1974–1975). See also *Fuller v. Nassau County Department of Social Services,* 77 Misc.2d 677, 352 N.Y.S.2d 978 (Sup.Ct., Nassau Cty., 1974); *Szanto v. Dumpson,* 77 Misc.2d 392, 353 N.Y. S.2d 683 (Sup.Ct., Kings Cty., 1974); *Arnold v. Dumpson,* 78 Misc.2d 703, 356 N.Y.S.2d 784 (Sup.Ct., N.Y.Cty., 1974).

Accordingly, defendant's motion for summary judgment is granted. Complaint dismissed.

So ordered.

1. Supporting plaintiff: *Brown v. Weinberger,* 382 F.Supp 1092 (D.Md.1974); *Padilla v. Weinberger,* 2 Poverty Law Reporter ¶ 19,933 (D.N.M., September 24, 1974); *Burris v. Weinberger,* 385 F.Supp 412 (M.D. Fla.1974); and *Buckles v. Weinberger,* 387 F.Supp. 328 (E.D.Pa.1974). Supporting defendant: *Hannington v. Weinberger,* 393 F. Supp. 553 (D.D.C., 1975); *Reed v. Weinberger* (Unreported), No. C74–936 (N.D.Ohio, April 11, 1975); and *Bowman v. Weinberger* (Unreported), 74 CV 369 (N.D.N.Y., December 19, 1974).