JUDY DOMINE et al., Respondents, *v.* FRANCIS SCHRECK, as Commissioner of Albany County Department of Social Services, et al., Appellants.

BETTY GIPSON et al., Respondents, *v.* FRANCIS SCHRECK, as Commissioner of Albany County Department of Social Services, et al., Appellants.

Third Department, March 28, 1974.

*Robert P. Roche, County Attorney* (*Robert Harris* of counsel), for Francis Schreck, appellant.

*Louis J. Lefkowitz, Attorney-General* (*Eileen A. Sullivan* and *Ruth Kessler Toch* of counsel), for Abe Lavine, appellant.

*Lawrence F. Klepper* for respondents.

HERLIHY, P. J.   These are appeals from a judgment of the Supreme Court at Special Term, entered September 12, 1973 in Albany County.

At the time these proceedings were commenced, both petitioners were receiving public assistance from Albany County Department of Social Services in the category of aid to dependent children. Petitioner Domine alleges that she exhausted her funds with expenditures for food, household goods and shoes for her children some five days prior to the due date of her next regular check. She applied for emergency assistance pursuant to section 350-j of the Social Services Law. Her application was denied without an investigation or hearing. The denial was based on the grounds of ineligibility as expressed in subdivisions (b) and (c) of section 372.2 of the Regulations of the New York State Department of Social Services (18 NYCRR 372.2 [b], [c]). An article 78 proceeding was then commenced.

Petitioner Gipson alleged that the sum of $180, the balance of her public assistance check, was stolen. She applied for emergency assistance which was also denied, without investigation or a hearing, on the same grounds. She also commenced an article 78 proceeding.

Special Term consolidated these proceedings and determined that the action was properly maintainable as a class action on behalf of all recipients of public assistance who might be denied emergency assistance on the same grounds as petitioners. It further declared, among other things, that the provisions of subdivisions (b) and (c) of section 372.2 are null and void, and held that the interim court ordered assistance for petitioners is not subject to reimbursement. This appeal ensued.

The petitioners have failed to establish any basis for the broad judgment of Special Term and, accordingly, this is not properly a class action. The judgment entered would unreasonably interfere with and restrict the future policies of the State Commissioner of Social Services.

While the issues in this case are framed as being purely legal and concerned with the constitutionality of the provisions of subdivisions (b) and (c) of section 372.2, the record reveals that any constitutional defects that arise from the application of the social legislation are a matter of arbitrariness.

Appellants argue on this appeal that Special Term failed to distinguish between " emergency assistance " and " duplicate assistance ". They contend in both instances that petitioners seek duplication of grants previously made, and that emergency assistance was not intended to duplicate such grants. They rely on subdivision 8 of section 153 of the Social Services Law proscribing State reimbursement for duplicate assistance and the Department of Social Services' subdivision (c) of section 372.2 of

the regulations providing that emergency assistance shall not be provided when destitution is due to loss, theft or diversion of a grant already made.

In our present affluent society there is no necessity for people, acting in good faith, to go hungry and this is particularly so in regard to children. On the other side of the coin, when allocating public funds for indigents, there is no room for cheats, frauds, chiselers or other less dignified characterizations. Section 350-j of the Social Services Law provides that so long as Federal aid is available therefor, emergency assistance must be given to needy families with children where there is destitution, unless such destitution arose because the children or the relatives with whom they reside refuse without good cause to accept employment or training for employment. (See, also, U. S. Code, tit. 42, § 606, subd. [e], par [1].)

In the action of Gipson it was alleged that $180 of a public assistance grant was stolen.

In the action of Domine, the petition alleged that, after providing for the so-called necessities of life, she [petitioner] was "without cash" and she and her children were destitute. The reason for the emergency on March 26 was due to the "increased cost of food and * * * the current level of assistance [of] only 90% of the minimum needs [as] determined to exist in 1969", the obviousness of which statement is — as applicable to 1974 — self-evident. The practical problem was that from March 26 to April 1 the family was destitute.

In both cases, the County Commissioner, without benefit of an investigation or a hearing, denied emergency relief or any form of relief relying upon the regulations of the department. The regulations in issue do not foreclose a hearing and as a result the County Commissioner made an arbitrary determination in both instances.

Although the distinction between "emergency assistance" and "duplicate assistance" is a valid distinction, sections 351.8 and 372.1 of the Regulations (18 NYCRR 351.8 and 372.1) should, on a proper showing, be read and interpreted from a common sense point of view so as to grant and apply temporary relief to prevent children from going hungry and to enable them to receive proper care during a brief interim pending an investigation and hearing, if necessary or requested. There are maximum safeguards in the law to punish those who unlawfully or otherwise are the recipients of relief to which they are not entitled. In sum, children of families who are to be recipients of public assistance should not be allowed to go hungry

or otherwise suffer from a lack of the bare necessities of life and the applicable statutes and regulations need not be construed so as to summarily deny relief to such children. If the parents are responsible because of waste or other illegal use of funds, or orders for supplies and services (see 18 NYCRR 575.2), they should be dealt with accordingly. It is recognized that the cost of public assistance in the State and in the country is a matter of grave concern to all. In an affluent society such as ours, it would appear to be an anomaly that such conditions exist, but it is a fact of life.

Having found that the County Commissioner was required to investigate and conduct a hearing, if necessary, in the present instances and that pursuant to the present statutes and regulations, aid may be provided on a temporary and emergency basis for children, the decision herein is to be limited to similar factual petitioners. The Department of Social Services of the State of New York has, in conjunction with the Federal Government, established standards which provide for and financially aid the indigent that are fair and reasonable and should be complied with except in extraordinary or emergency situations. Both the basic law and the rules and regulations here involved are flexible to the extent of giving the County Commissioner of Social Services authority in emergency situations to temporarily provide assistance and thus prevent children from being hungry.

Accordingly, subdivisions (b) and (c) of section 372.2 of the Department Regulations are not null and void as applied to emergency assistance directly to the adults with whom destitute children reside. However, the denial of appropriate relief for allegedly destitute children, as in the present case, without establishing the existence of alternative support is arbitrary and capricious.

The judgment appealed from should be modified so as to grant relief only to the extent of providing that the interim ordered assistance by the court is not subject to reimbursement and by annulling the determinations that the infants were not entitled to emergency assistance, with remittal to the appropriate commissioner for such further proceedings as may be necessary and by denying further relief to the petitioners, and, as so modified, affirmed, without costs.

SWEENEY, J. (concurring). While we unreservedly agree with the result reached by the majority, we are unable to accept some of the reasoning expressed to support that result. Since the unacceptable portions are, in our opinion, intrinsic, we deem it necessary to state our views.

The exceptions to the mandatory provisions of section 350-j of the Social Services Law to provide emergency aid do not exist in either of the instant cases. Petitioners allege that they are destitute. There is no proof to the contrary, since emergency assistance was denied without an investigation or hearing, solely on the basis of subdivisions (b) and (c) of section 372.2 of the Department Regulations (18 NYCRR Part 372), which provide that emergency assistance shall not be given when destitution is due to loss, theft or diversion of a grant already made. Appellants contend this regulation prohibits emergency assistance in the Gipson case because destitution was due to a loss by theft, and in the Domine case, because petitioner had already received her full allotment. Regardless of the cause of such destitution, other than refusal of employment without good cause, appellant County Department of Social Services is obligated to follow the mandate of section 350-j. To the extent that the regulation violates this mandate, it is null and void, both in its application to children and adults.

It is our view that a summary refusal of emergency assistance where there are children and an allegation of destitution, without either investigation or hearing, is a deprivation of due process. (*Goldberg* v. *Kelly,* 397 U. S. 254.) We further conclude, on this record, and under the existing law, that appellant County Department of Social Services was required to ascertain each of the petitioners' circumstances before denying emergency aid. The procedure followed by appellant not only contravenes the prevailing law, but defeats the intent and purpose of the statute in question.

STALEY, JR., and KANE, JJ., concur with HERLIHY, P. J.; SWEENEY and MAIN, JJ., concur in a separate opinion by SWEENEY, J.

Judgment modified, so as to grant relief only to the extent of providing that the interim ordered assistance by the court is not subject to reimbursement and by annulling the determinations that the infants were not entitled to emergency assistance, with remittal to the appropriate commissioner for such further proceedings as may be necessary and by denying further relief to the petitioners, and, as so modified, affirmed, without costs.