David F. Lee, Jb., J.
In this proceeding pursuant to CPLR anticle 78 petitioner seeks “ judgment annulling and reversing the Fair Hearing decision of respondent Lavine, dated September 20,1974, and ordering the respondents to reimburse any and all deductions of public assistance made pursuant thereto ”.
The petitioner and her 13-year-old son were recipients of public assistance of Aid to Families with Dependent Children (AFDC) from the respondent Broome County Department of Social Services. The petitioner received $32.40 semimonthly for her minor son. On December 5,1973 petitioner pleaded guilty to *273 welfare fraud .and was to make restitution in the sum of $1,941.32. She was not included in the household grant from July 1,1973 as ‘ ‘ she had been deleted from the grant in order to recoup prior welfare overpayments which she had fraudulently received. ” The petitioner’s counsel notes in a memorandum:
“ After months of the regular recoupments from the family’s grant, and after paying off accumulated past due bills for food and furniture, and after buying her child needed clothing, petitioner was unalble to piay the rent of $90.00 due on April 1, 1974 on the apartment dwelling in publicly funded housing in which she and her child resided. On April 16, 1974, a day before the family was threatened with loss of the apartment as the result of an eviction proceeding brought by the landlord based on nonpayment of rent, petitioner, possessing only $26.00 to meet current expenses for the rest of the month, sought assistance from the local welfare department. The agency determined that petitioner was not entitled to reinstatement of any part of the share of the grant because of past fraud, but gave her a payment of $64.00 to be used in addition to the $26.00 to pay the rent. Thereafter, the welfare department notified petitioner of its intention to reduce the family’s monthly grant by additional equal installments per month over a period of eight months, as a means of recouping the $64.00 granted to the family above its regular assistance grant in order to prevent eviction.
‘ ‘ Petitioner has sought an administrative review of the local agency’s action, and that action was .affirmed by the State Department of Social Services, except that the number of monthly installments was reduced to six. * * *
“ The only issue between the .parties, therefore, involves the recoupment of the special rent allowance. ”
On May 1, 1974 the grant received semimonthly for the minor son in the sum of $32.40 was reduced to $25.90. The “ Notice of Intent to Reduce Public Assistance ”, dated April 16, 1974, stated, in part: “ We are deducting the $64.00 special check you received at the rate of $8.00 monthly over the next eight months ’ ’, and that the effective date of the reduction was May 1, 1974. A fair hearing was held at the request of petitioner. The fair hearing, held on August 14, 1974, as noted in the record of that hearing, reviewed the ‘ ‘ determination made by the Broome County Department of Social Services relating to [petitioner’s] grant of aid to dependent children, in that the agency had determined to reduce her cash grant of assistance on behalf of her child, effective May 1, 1974, in order to recover for an advance allowance for rent of $64 at the rate of $8.00 per month over eight *274 months which had been provided to the [petitioner] in order to forestall an eviction. ” The decision of the respondent Lavine after the fair hearing, and which is dated September 3, 1974, .states, inter alia:
‘ ‘ 1. The appellant resides in a household with one minor child, age thirteen. The appellant is currently in receipt of a grant of aid to dependent children as payee for her minor child.
“ 2. The appellant is not at this time a recipient of public assistance and has not received a cash grant of assistance for herself since July 1,1973 when assistance to meet her needs was discontinued because of overpayment.
“ 3. On April 16, 1974, the agency determined to reduce the cash grant of assistance for appellant’s minor child from $32.40 to $25.90 semi-monthly effective May 1,1974 on the grounds that appellant had received an advance allowance for rent of $64.00 to forestall eviction. The grant for the minor child was to be reduced a$ the rate of $8.00 monthly for eight successive months. * # *
“ The record in this case establishes that the appellant was provided an advance allowance for rent to prevent eviction. The aforecited Regulation [Section 352.7 (g) (7) of the Regulations of the State Department of Social Services] clearly states that such advance shall be deducted from subsequent grants. As appellant is payee of a grant of assistance, the agency correctly determined that it may recover the advance from the grant being issued (to her. The advance was made to prevent the eviction of ■not only appellant ¡but her family as well. Accordingly, the determination of the agency wias correct. However, the recovery is limited to a six month period.
“ decision : The determination of the agency is affirmed.” Petitioner’s counsel urges, among other things, in a memorandum, that petitioner met all of the statutory requirements for eligibility for emergency assistance, and urges, in part:
“ In the present case the record clearly establishes that the grant of assistance to prevent eviction was necessary to avoid destitution and provide living arrangements for the minor under petitioner’s care. The petitioner had spent all of her available income except for $26.00 and she and her 13 year old child were threatened with being put out on the street without alternative housing and available income for the remainder of the month. There is evidence on the record that this situation did not arise because of petitioner’s failure to accept employment or training for employment, and that no emergency assistance had been granted to the petitioner for any period in the twelve months *275 preceding her application on April 16, 1974. No serious attempt has been made iby the respondents to show that the petitioner has not adequately established any of these conditions.
“ It is clear, therefore, from all of the evidence at the hearing that petitioner presented the welfare department with sufficient proof, on April 16,1974, that she was eligible for a grant of emergency assistance to needy f amilies with children under the Social Security Act, 42 U. S. C. 606 (e) (1), Section 350-j of the Social Services Law, and the regulations that apply to emergency assistance, and in fact, received such assistance. ”
In a letter memorandum petitioner’s counsel also urges, inter alia:
“ The respondents, State and Counity Commissioners of Social Services have done indirectly what they may not do directly. Applying the regulation here in question, (18 NYCRR 352.7 (g) (7)) they have effectively withheld emergency assistance from a needy child who otherwise meets all of the conditions of eligibility for such assistance under both Federal and State statutes and regulations. (42 IT. S. C. ¡Section 606 (e) (1), N. Y. Social Services Law Section '350-j, 45 O. F. R. 233.120, and 18 NYCRR Part 372) "Whereas, emergency assistance may not be recouped, an advance payment under 18 NYCRR 352.7 (g) (7) may be deducted from future public assistance grants in order to. recoup the amount advanced; and it is undisputed that the payment made by respondent Smythe to the petitioner on behalf of her child to prevent eviction will be deducted from future assistance grants made to ,the child in order to recoup the advance. (R. 20) ”
“ The reduction of the grant to the petitioner’s child based solely on petitioner’s misconduct improperly establishes an additional eligibility requirement. King v. Smith, 88 Sup. Ct. 2128, 392 U. S. 309; Cooper v. Lapheimer, 316 F. Supp. 264 (E. D. Penn. 1970); Bradford v. Juras, 331 F. Supp. 167 (D. Oregon 1971); Shirley v. Lavine, 365 F. Supp. 818 (D. D. New York 1973). In these cases the courts have proclaimed that the primary purpose of the Federal Aid to Families with Dependent Children (AFDC) program is the protection of children and therefore, the children remain eligible for AFDC assistance notwithstanding their parent’s impropriety, illegal or even criminal; and recognized that current needs of the children are not lessened by overpayments received in the past. ”
Counsel representing the respondent Lavine urges that .section 106-ib of the ¡Social Services Law, as amended by chapter 979 of the Laws of 1974, gives retroactive authority for recoupment of *276 overpayments, .and that ‘‘the advance of the $64.00 is not properly classified as ‘ emergency assistance ’,” and urges, inter alia:
‘ ‘ Emergency is defined as ‘ a .sudden, unexpected happening, an unforseen occurrence or condition . . .; ’ Black’s Law Dictionary, 4th Edition.
‘ ‘ Whereas here the Petitioner caused her own predicament, it cannot be properly classified as an emergency. See Baumes v. Lavine, 44 A D 2d 336 (Advance Sheet No. 959). This is a Third Department decision dated May 9], 1974, Also Boyd v. Department of Institution and Agency, Division of Public Welfare, 314 A 2d 79 (1974).
‘‘ The State is not compelled to provide ‘ emergency assistance ’ to a recipient of public assistance who fails to pay his own rent and thus causes his own imminent eviction.
‘ ‘ ‘ Emergency assistance shall not be provided when destitution is diue to loss, theft or diversion of a grant already made ’. Regulation 372.2 (c). Also Domine and Gipson v. Schreck and Lavine, 44 A D 2d 98-100; 353 NYS 2d 821: ‘ In our present affluent society there is no necessity for people, acting in good faith, to go hungry and this is particularly so in regard to children. On the other side of the coin, when allocating public funds for indigents, there is no room for cheats, frauds, chiselers or other less dignified characterizations. ’ ”
Counsel representing the respondent Smythe also urges, in a memorandum, arguments addressed to the questions raised, e.g., “ the advance and recovery under Regulation 18 NYCRR 352.7 (g) (7) is authorized under the Social Services Law ”. Counsel also notes that “ the only issue between the parties involves the recoupment a rental advance payment made under 18 NYCRR 352.7 (g)(7).”.
'Subdivision 3 of section 350 — j of the Social Services Law provides : “ Emergency assistance to needy families with children shall be provided in accordance with the regulations of the department for children who are without available resources, and when such assistance is necessary to avoid destitution or to provide them with living arrangements in a home, and such destitution or such need did not arise because such children or relatives refused without good cause to accept employment or training for employment. ”
The Regulations of the Department of ¡Social Services (18 NYCRR 352.7 [g] ([7], before the amdt. eft. Sept. 24, 1974), provided, in part: ‘ ‘ For a recipient of public assistance who is being evicted for nonpayment of rent for which a grant has been previously issued, an advance allowance may be provided to pre *277 vent such eviction io:r rehouse the family; and such advance shall be deducted from subsequent grants in equal amounts over not more than the next six months. ”
The court in Matter of Bournes v. Lavine (44 A D 2d 336), which involved an application for emergency assistance for worn out furniture, wrote, in part: “ Section 350-j of the Social Services Law requires assistance for emergency situations faced by the recipients of public assistance. It is clear that section 350-j was enacted to apply to sudden and unexplained emergency events (see N. Y. State Legis. Annual, 1968, p. 255; see, also, Matter of Bates v. Wyman, 36 A D 2d 854; Matter of Borders v. Nassau County Dept. of Social Servs., 34 A D 2d 805; Matter of Ross v. Sipprell, 71 Misc 2d 677, affd. 42 A D 2d 691), and not to remedy the anticipated demands created as the result of everyday life. It was not designed to replace furniture merely worn by normal use such as is the case here, but where emergency or catastrophe suddenly affects the family or individuals involved. To so hold would violate the concept of semimonthly flat grants to welfare recipients and inundate the Department of Social Services with requests for additional assistance to meet the everyday needs for which the vast population, also on fixed incomes, have learned to budget and expect. ’ ’
In Domine v. Schreck (44 A D 2d 98, 99, 100-101), where petitioner exhausted her funds with expenditure for food, household goods and shoes for her children before the due date of -her regular check, a public assistance check, ‘ ‘ in the category of aid to dependent children ”, and her application for emergency assistance pursuant to section 350-j of the Social Services Law was denied, the court said, inter alia:
u Although the distinction between ‘ emergency assistance ’ and * duplicate assistance ’ is a valid distinction, sections 351.8 and 372.1 of the Regulations (18 NYCRR 351.8 and 372.1) should, on a proper showing, be read and interpreted from a common sense point of view so as ito ¡grant and apply temporary relief to prevent children from going hungry and to enable them to receive proper care during a brief interim pending an investigation and hearing, if necessary or requested. There are maximum safeguards in the law to punish those who unlawfully or otherwise are the recipients of relief to which they are not entitled. In sum, children of families who are to be recipients of public assistance should not be allowed to go hungry or otherwise suffer from a lack of the bare necessities of life and the applicable statutes and regulations need not be construed so as to summarily deny relief to such children. If the parents are responsi *278 foie 'because of waste or other illegal use of funds, or orders for supplies and services (see 18 NYCRR 575.2), they should foe dealt with accordingly. It is recognized that the cost of public assistance in the -State -and in the country is a matter of grave concern to all. In an affluent society such as ours, it would appear to foe an anomaly that such conditions exist, but it is a fact of life * * * The denial of appropriate relief for allegedly destitute children, as in the present case, without establishing the existence of alternative support is arbitrary and capricious.”
The advance to petitioner in the amount of $64 to pay the April rent was an advance allowance and not emergency assistance. Section 350 — j of the Social Services Law was enacted to apply to a sudden and unexplained emergency event, and under the facts demonstrated there was no such event here. An advance allowance, as there was here for the April rent, may foe recouped. Under the facts, however, should the advance allowance, or a portion of it, foe recouped from funds to foe paid for assistance to the 13-year-old son? “.Congress has determined that protection of dependent children is the paramount goal of the AFDC program (King v. Smith, 392 U. S. 309).” (Norton v. Lavine, 74 Misc 2d 590, 599.) The purpose of the AFDC program is to meet the family’s needs. The mother’s needs, of course, can hardly foe separated from those of her child where shelter is involved. When shelter is provided for the child, the mother also has shelter. The eligibility of the child is not disputed; nior is there -any contention that the child’s needs are less, nor that he has any greater means available to him to meet his needs. “ The existence of alternative support ” is not established. (Domine v. Schreck, 44 A D 2d 98, 101, supra.) The papers submitted indicate no contention or showing of any change in the resources or the income or the needs of the infant; nor is there -shown sufficient basis upon which the recoupment should foe from the assistance available for -the child’s benefit.
The court having considered the pleadings and papers in this proceeding, as well as the arguments and memoranda of counsel addressed to the questions raised, concludes that the affirmative defenses and objections in point of law alleged by respondents in their answers, so far as they pertain to any public assistance for the li3-year-.old son of petitioner, are without merit, and that the .relief sought should foe granted. Judgment may foe entered accordingly.